550 P.2d 140

Sunbeam CURL, Plaintiff-Appellant,

v.

INDIAN SPRINGS NATATORIUM, INC., an Idaho Corporation and Power County Highway District, formerly known as Independent Highway District No. I, Defendants-Respondents.

No. 11987.

Supreme Court of Idaho.

May 19, 1976.

**638**

Isaac McDougall, R. M. Whittier, Pocatello, for plaintiff-appellant.

Ben Peterson, of Baum & Peterson, Pocatello, for defendant-respondent Indian Springs Natatorium, Inc.

W. Marcus W. Nye, Sp. Asst. Atty. Gen., of Racine, Huntley & Olson, Pocatello, for defendant-respondent Power County Highway Dist.

DONALDSON, Justice.

The plaintiff-appellant, Sunbeam Curl, was injured on July 9, 1972. On April 11, 1974, she filed a complaint alleging her injuries were caused by the negligence of defendant-respondent, Indian Springs Natatorium. She amended her complaint on June 4, 1974 to include as a defendant the respondent, Power County Highway District.

Indian Springs Natatorium, a private corporation, is a recreation facility located south of American Falls. It consists of a swimming pool, fish ponds, picnic area and museum. The natatorium grounds are bisected by a road, constructed and maintained by the Power County Highway District, which natatorium patrons frequently use to reach various portions of the grounds. The natatorium fish ponds are adjacent to this road and drain through a stream beneath it. In order to facilitate drainage, the highway district installed a steel grill in the road, similar to a cattle guard. The grill can be lifted out to permit debris to be cleared from the stream so as to prevent clogging and flooding. On either side of this grill the highway district provided a four foot concrete walkway for the convenience of pedestrians. Appellant was returning from the fish ponds to the swimming pool by way of the road when she stepped onto the concrete walkway, slipped on a pebble, and ended up with her leg lodged between the iron rails of the grill, causing the injuries complained of.

Appellant's complaint alleged that she was a business invitee on the natatorium premises and that both defendants failed to properly maintain the grate and surrounding area, failed to erect proper barricades and guards and failed to provide a safe and proper means of traveling to and from the various areas of the natatorium. Motions for summary judgment were filed by both defendants. On February 26, 1975, the district court granted the motion of defendant Indian Springs Natatorium and denied the motion of the Power County Highway District. Judgment for the defend-

ant Indian Springs Natatorium was entered on May 5, 1975. Defendant highway district renewed its motion for summary judgment on the new grounds of lack of notice and the motion was granted on May 29, 1975, with judgment entered on June 17, 1975. Appellant appeals from the granting of summary judgment in favor of both defendants.

Summary judgment is properly granted only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Springer v. Pearson*, 96 Idaho 477, 531 P.2d 567 (1975). In the present case the material facts are not disputed by the parties. We find that, given these facts, the district court correctly granted the summary judgments.

Appellant's accident took place on a road owned and maintained by the Power County Highway District. Even assuming the road was in a dangerous condition, the respondent natatorium, as an abutting owner was not liable where it did not cause the dangerous condition. The general rule is stated in Restatement 2nd of Torts, § 349 as follows:

"A possessor of land over which there is a public highway or private right of way is not subject to liability for physical harm caused to travelers upon the highway or persons lawfully using the way by his failure to exercise reasonable care

(a) to maintain the highway or way in safe condition for their use, or

(b) to warn them of dangerous conditions in the way which, although not created by him, are known to him and which they neither know nor are likely to discover."

This case is closely analogous to those cases involving property owners abutting a dangerous public sidewalk. A majority of states hold the abutting owner owes the public no duty to keep the sidewalk in a safe condition unless the abutter has caused the complained of condition. The fact that the injured party was a business invitee of the abutter, or that the abutting owner derived some benefit from the sidewalk were not material to the abutter's liability. Annot., 88 A.L.R.2d 331, § 4 (1963). In the present case the alleged condition complained of was created solely by Power County Highway District. The mere fact that appellant was a customer of Indian Springs Natatorium when the accident occurred does not create a duty in her favor. Summary judgment for respondent Indian Springs Natatorium is affirmed.

The district court also granted summary judgment in favor of respondent Power County Highway District on the ground that appellant failed to comply with the notice provisions of the Idaho Tort Claims Act. That statute required:

"All claims against a political subdivision arising under the provisions of this act shall be presented to and filed with the clerk or secretary of the political subdivision within one hundred twenty (120) days from the date the claim arose or reasonably should have been discovered, whichever is later." I.C. § 6–906.

A notice, meeting the formal requirements of the Tort Claims Act, admittedly was not filed within the statutory time limit. The appellant contends her claim is still valid, however, on three alternative grounds: That the notice requirement of I.C. § 6–906 is unconstitutional; that at any rate respondent highway district had substantial actual notice of appellant's claim; and that the highway district is not subject to the 120 day notice requirement since it is not a "political subdivision" as defined in I.C. § 6–902(2).

The Court considered constitutional attacks on the 120 day notice of claim requirement in *Newlan v. State,* 96 Idaho 711, 535 P.2d 1348 (1975), appeal dismissed for want of a substantial federal question, *sub nom., Agost v. Idaho,* —— U.S. ——, 96 S.Ct. 419, 46 L.Ed.2d 367 (1975). In *Newlan,* the Court upheld the constitutionality of such a requirement and we decline the appellant's invitation to overrule that decision.

■ In *Independent School District of Boise City v. Callister,* 97 Idaho 59, 539 P.2d 987 (1975), a divided Court[1] overruled *Jorstad v. City of Lewiston,* 93 Idaho 122, 456 P.2d 766 (1969) and held that the fact that the defendant governmental entity had substantial actual notice of an injury within the 120 day period did not exempt plaintiffs from compliance with the requirement that they file their claim within that period. However, even if *Jorstad* were the law, the appellant has not alleged facts sufficient to bring her within that doctrine. Indeed, the only reference to notice of any kind in the record before us comes from the deposition of Oscar Neu, Power County Highway Superintendent. Mr. Neu states that the appellant notified him of the accident some ten days after it occurred but advised him that she was not seriously injured. She did not mention that she intended to file an action against the district or seek compensation for her injuries. The following language from *Newlan* is dispositive:

"Even assuming, however, that the *Jorstad* actual notice test is still viable there has been no such actual notice in these cases. Although the accidents involved herein were apparently investigated and reports thereof were filed, nevertheless there is no indication that the State could have even suspected it might be subject to a claim. The State was not on notice of any facts to allow it to arrive at an amicable accord with a claimant or to investigate a possible claim to determine its merits and if necessary prepare a defense, which are two of the purposes for a notice statute set forth in *Jorstad.*" 96 Idaho at 716–717, 535 P.2d at 1353.

■ Finally, the appellant argues that the highway district does not fall within the definition of "political subdivision" so as to bring it within the notice requirement of I.C. § 6–906, *supra.* Idaho Code § 6–902

(2) defines political subdivision as " * * any county, city, municipal corporation, school district, special improvement or taxing district, or any other political subdivision or public corporation."

This section was recently considered in *Brizendine v. Nampa Meridian Irrigation District,* 97 Idaho 580, 548 P.2d 80 (1976). In *Brizendine,* irrigation districts, which had previously been characterized by the Court as "quasi-public corporations," were held not to be public corporations for purposes of the Tort Claims Act. The Court concluded:

"As the legislature has enumerated both generic categories (instrumentality of the state, municipal corporation, public corporations, etc.) and specific entities and irrigation districts are not included in either, the legislature must have intended not to include irrigation districts within the act."

The appellant argues for a similar treatment of respondent highway district.

Highway districts, however, have received specific legislative characterization as public corporations. Idaho Code § 40–1601 states as follows:

"All highway districts as now organized and constituted are hereby validated and no other highway districts shall be organized in the state of Idaho; those now organized shall continue as public corporations."

Since the highway district is among the entities enumerated by the legislature, claims against it are subject to the Tort Claims Act. Hence, the district court was correct in granting summary judgment in favor of respondent Power County Highway District.

Judgments affirmed. Costs to respondents.

McFADDEN, C. J., BAKES, J., and SCOGGIN, D. J., retired, concur.

SHEPARD, J., concurs in result.

1. See the special concurrence of Justice McQuade where he stated that he still adhered to the views that he expressed in his dissent in *Newlan* that *Jorstad* was good law and that substantial actual notice was sufficient to comply with the requirements of I.C. § 6–906. See also the dissent of Justice Donaldson and the dissent of Justice Bakes.