551 P.2d 1330

**Don JACAWAY and Cheryl Jacaway, husband and wife, Plaintiffs-Appellants,**

v.

**The STATE of Idaho, a sovereign state, and Lava Hot Springs Foundation, Inc., Defendants-Respondents.**

No. 12013.

No. 12013.

Supreme Court of Idaho.

July 8, 1976.

Ben Peterson of Baum & Peterson, Pocatello, for plaintiffs-appellants.

W. Marcus W. Nye, Sp. Asst. Atty. Gen., Pocatello, William D. Olson, Sp. Asst. Atty. Gen., Racine, Huntley & Olson, Pocatello, for defendants-respondents.

PER CURIAM:

This is an action brought under the Idaho Tort Claims Act, I.C. §§ 6–901 *et seq*. It is uncontested that the plaintiffs did not comply with the requirement of I.C. § 6–905 by presenting their claim against the state within 120 days after their alleged cause of action arose. The district court dismissed the action under the authority of I.C. § 6–908, which provides that no action shall be allowed against the state unless a claim has been presented within the time limits prescribed by the Idaho Tort Claims Act and our decisions construing that statute.

We affirm on the authority of *Newlan v. State*, 96 Idaho 711, 535 P.2d 1348 (1975), appeal dismissed for want of a substantial federal question, *sub nom., Agost v. Idaho,* 423 U.S. 993, 96 S.Ct. 419, 46 L.Ed.2d 367 (1975); *Independent School District of Boise City v. Callister,* 97 Idaho 59, 539 P.2d 987 (1975); *Curl v. Indian Springs Natatorium,* 97 Idaho 637, 550 P. 2d 140 (1976).

Judgment affirmed. Costs to respondent.