575 P.2d 489

Joseph TOVAR and Deborah Ann Moore, Plaintiffs-Appellants,

v.

C. G. BILLMEYER, Melvin Morgan, F. W. "Bill" Roskelley, John Evans, Les Purce, Donna Boe, Earl Pond, Grant Anderson, Robert Meline, Wayne Ellis, and the City of Pocatello, an Idaho Municipal Corporation, Defendants-Respondents.

No. 12556.

Supreme Court of Idaho.

Feb. 28, 1978.

David W. Cantrill, of Green & Cantrill, Boise, for plaintiffs-appellants.

L. Charles Johnson, of Johnson & Olson, Pocatello, for defendants-respondents.

DONALDSON, Justice.

Plaintiffs-appellants, Joseph Tovar and Deborah Ann Moore (hereinafter collectively referred to as "Tovar" unless otherwise indicated), are the owners of property located at 250 North Main Street, Pocatello, Idaho. The defendants-respondents in this action are the City of Pocatello, the Department of Buildings Inspector, Wayne Ellis, the City Council Members of the defendant City holding office in 1975, and two present City Council members who took office in 1976 (hereinafter collectively referred to as "City" unless otherwise indicated). The dispute in this appeal centers around the construction and operation of an "adult book store and theater" in downtown Pocatello, Idaho. The legal dispute between the parties commenced in the fall of 1975 and has resulted in the filing of two actions in

state court as well as an action in federal district court. The federal suit has no bearing on this appeal however. This appeal is from the district court's decision in the second of the state court cases wherein the City's motion for summary judgment was granted. The events and surrounding legal actions are summarized below.

From September 1, 1972 through August 31, 1975 Tovar rented property and operated an "adult book store and theater" at 135 South Main Street in Pocatello, Idaho. On September 1, 1975 Tovar was evicted from these premises and subsequently purchased a building and property at 250 North Main Street in Pocatello. Tovar planned to remodel the building on the property and operate an "adult book store and theater." Both these locations were zoned "commercial central" under the Zoning Code of the City of Pocatello (hereinafter "Zoning Code"). Subsequent to September 2, 1975, the respondent Wayne Ellis, the Pocatello Building Inspector, informed Tovar that a bookstore was a permissible use on this property but the property was not zoned for a "theater." Ellis informed Tovar that the property was zoned "commercial central" a zone not including "theaters" as a permitted use. Ellis further informed Tovar that a conditional use permit had to be secured from the Zoning Board of Adjusters before the building permit could issue.

An explanation of the Zoning Code is warranted. The Zoning Code divides the City of Pocatello into various zones, allowing certain specific uses in each zone. The property purchased by Tovar and that where Tovar previously operated the "adult bookstore and theater" is zoned "commercial central."[1] "Theaters" are not included in the list of permitted uses in this zone and through the incorporation of the permitted

---

1. Pocatello, Idaho, Zoning Ordinance § 11–2–1 (1969), adopts the Revised Zoning Schedule which outlines the specific uses allowed in each district.

    COMMERCIAL CENTRAL (CC)
    Permitted Uses:
a. Residential Uses:

   .     .     .     .     .

b. All uses permitted under categories b. through and including the v of CL district, but regulated by requirements here-in.
c. Retail Stores and Business'
d. Bars or Package Liquor Stores
e. Blue Printing or Photostating
f. Automobile parking spaces required
   Additional Uses: Subject to regulation by Title 11, Chapter 8, Section 1 of this Ordinance.

uses in categories b. through v. of the "commercial local" zone it would appear that some "theaters" are specifically excluded.[2] None of the zones in the Zoning Code specifically list indoor motion picture theaters as a permitted use. Several zones specifically list outdoor drive-in theaters as permitted uses[3] and several zones allow "amusement enterprises" as a permitted use.[4]

The City Council of Pocatello has construed the Zoning Code to provide that indoor motion picture theaters are "amusement enterprises" and are allowed only in zones permitting this use.[5]

On September 17, 1975, after Tovar was informed by Ellis that a conditional use permit was needed, Tovar made application to the Board of Adjusters for the permit. On October 9, 1975 the Board of Adjusters granted the conditional use permit. This decision of the Board of Adjusters was appealed by the "Downtown Merchants' Association" to the City Council. Tovar was informed that this appeal would be limited to a review of the Board of Adjusters' decision. On October 23, 1975 the City Council held a meeting and reversed the decision of the Board of Adjusters. At this meeting Council members Pond and Purce voted in favor of Tovar.

On December 9, 1975, Tovar filed[6] suit in district court after this reversal of the Board of Adjusters' decision. This suit was entitled a "Petition to Review Denial of Variance" and was filed pursuant to the Idaho Local Planning Act.[7] The petition

2. *Id.*
COMMERCIAL LOCAL (CL)
Permitted Uses:

b. . . . Studios excepting Motion Pictures.

3. *Id.*
COMMERCIAL HIGHWAY (CH)
Permitted Uses:

h. Drive-in Theaters

4. *Id.*
COMMERCIAL HIGHWAY (CH)
Permitted Uses

e. Amusement Enterprises

5. The definitions section of the Zoning Code, § 11-1-3, defines "Theater, Outdoor Drive-In" but does not define the term "motion picture" nor the term "amusement enterprise." The meaning of these latter two terms is thus unclear from the plain language of the ordinance.

6. This first suit was filed only by the plaintiff-appellant Moore. The plaintiffs-appellants, Tovar and Moore, however, state in their complaint in this action that they jointly owned the property in question and jointly applied for both the building permit and conditional use permit. The fact that only plaintiff-appellant Moore's name appeared on the papers filed in the first suit is thus immaterial.

7. I.C. § 67-6519. Permit granting process.—As part of ordinances required or authorized under this chapter, a procedure shall be established for processing in a timely manner applications for permits for which a reasonable fee may be charged. Each application for a permit required or authorized under this chapter shall first be submitted to the zoning or planning and zoning commission for its recommendation or decision. The commission shall have a reasonable time fixed by the governing board to examine the application before the commission makes its decision on the permit or makes its recommendation to the governing board. Each commission or governing board shall establish by rule and regulation a time period within which a recommendation or decision must be made. Whenever a governing board or zoning or planning and zoning commission grants or denies a permit, it shall specify:
(a) the ordinance and standards used in evaluating the application;
(b) the reasons for approval or denial; and
(c) the actions, if any, that the applicant could take to obtain a permit.
An applicant denied a permit or aggrieved by a decision may within sixty (60) days after all remedies have been exhausted under local ordinance seek judicial review under the procedures provided by sections 67-5215(b) through (g) and 67-5216, Idaho Code.
I.C. § 67-5215. Judicial review of contested cases.—. . .

(b) Except when otherwise provided by law, proceedings for review are instituted by filing a petition in the district court of either the county in which the hearing was had or the county in which the final decision of the agency was made, within 30 days after the service of the final decision of the agency or, if a rehearing is requested within 30 days after the decision thereon.
(c) The filing of the petition does not itself stay enforcement of the agency decision. The

charged that the City Council had not acted as a review board, but rather had conducted the October 23 meeting like a public meeting. The petition also charged that the City Council's decision denying the conditional use permit was arbitrary and capricious and motivated by political considerations. The prayer of the petition asked the district court to review and reverse the City Council's decision and reinstate the Board of Adjusters' decision or alternatively order the City Council to issue the conditional use permit.

The Honorable George W. Hargraves, District Judge, heard this case and issued a memorandum decision on February 11, 1976. The district court determined that Tovar's petition had raised five issues generally, three of which are involved in this appeal: (1) Whether the appellant was deprived of due process of law by reason of the City Council's meeting on October 23, 1975; (2) whether the City Council had acted arbitrarily, capriciously, and in abuse of its discretion; and (3) whether classification of "theaters" as "amusement enterprises" under the zoning ordinance was unreasonable and arbitrary. The district court reversed the October 23 decision of the City Council and remanded the case to the City Council. The district court held that the procedures followed at the October 23 meeting had been improper in that the meeting had been conducted as a public hearing where new evidence was considered rather than as a review hearing upon the evidence before the Zoning Board of Adjusters. The district court ordered the City Council to conduct another meeting following the guidelines set forth in the court's decision. The district court also addressed the remaining two issues, finding that as a matter of law the City Council had not acted arbitrarily, capriciously or in abuse of its discretion by denying the conditional use permit, and also that the classification of "theaters" as "amusement enterprises," was not unreasonable and arbitrary.

Pursuant to the district court's decision, the City Council held another meeting on

agency may grant, or the reviewing court may order, a stay upon appropriate terms.

(d) Within 30 days after the service of the petition, or within further time allowed by the court, the agency shall transmit to the reviewing court the original or a certified copy of the entire record of the proceeding under review. By stipulation of all parties to the review proceedings, the record may be shortened. A party unreasonably refusing to stipulate to limit the record may be taxed by the court for the additional costs. The court may require subsequent corrections to the record and may also require or permit additions to the record.

(e) If, before the date set for hearing, application is made to the court for leave to present additional evidence, and it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present it in the proceedings before the agency, the court may order that the additional evidence be taken before the agency upon conditions determined by the court. The agency may modify its findings and decisions by reason of the additional evidence and shall file that evidence and any modifications, new findings, or decisions with the reviewing court.

(f) The review shall be conducted by the court without a jury and shall be confined to the record. In cases of alleged irregularities in procedure before the agency, not shown in the record, proof thereon may be taken in the court. The court, upon request, shall hear oral argument and receive written briefs.

(g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(1) in violation of constitutional or statutory provisions;

(2) in excess of the statutory authority of the agency;

(3) made upon unlawful procedure;

(4) affected by other error of law;

(5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or

(6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

I.C. § 67–5216. Appeals.—An aggrieved party may obtain a review of any final judgment of the district court or of the industrial commission or the public utilities commission under this act by appeal to the Supreme Court. The appeal shall be taken in the manner provided by law for appeals from the district court in other civil cases and from the industrial commission and the public utilities commission.

March 18, 1976 to again review the October 9, 1975 decision of the Board of Adjusters. Again the City Council reversed the Board of Adjusters' decision thus denying the conditional use permit. Tovar took no appeal from the March 18 meeting. On January 24, 1977, this suit was dismissed by order of Judge Hargraves pursuant to a motion filed by the City.

The suit which gave rise to this appeal was filed on August 5, 1976 by Tovar. This was after the second meeting of the City Council on March 18, 1976, but before the final dismissal of the first suit on January 24, 1977. Tovar's complaint sought injunctive relief, declaratory relief and damages. Tovar's prayer for relief asked the court to declare the zoning ordinances of the City of Pocatello unconstitutional and invalid, or in the alternative, to declare the ordinances inapplicable to indoor motion picture theaters, or in the alternative to declare that an indoor motion picture theater was a permitted use in the areas zoned "commercial central." The complaint also asked the court to declare the City Council's action of October 23, 1975 invalid and to reinstate the October 9, 1975 decision of the Board of Adjusters, to enjoin the City from initiating any action contesting that Tovar's proposed use was not in accordance or contrary to the zoning ordinance, a judgment for lost profits, attorney fees, and punitive damages. The City filed its motion for summary judgment on September 20, 1976. On January 3, 1977, the Honorable Arthur P. Oliver, sitting as district judge, entered judgment granting the City's motion for summary judgment and dismissed Tovar's complaint with prejudice.

The following is a summary of Judge Oliver's memorandum decision dismissing Tovar's complaint in the second suit. The prayer in the complaint sought no relief against the defendants-respondents Pond, Purce, and Ellis and peremptory dismissal as to them was appropriate. Counts I, III, and IV of Tovar's complaint, which alleged a cause of action in tort because the City Council had acted arbitrarily and capriciously in denying Tovar's conditional use permit involved the same issues as the first suit before Judge Hargraves. Judge Oliver's memorandum decision was issued on December 16, 1976. At this time, the first suit before Judge Hargraves had not been dismissed. Judge Oliver would not consider issues in the second suit which duplicated issues in the first suit. Judge Oliver held that Tovar would have to "process to a conclusion" the first suit. The tort claims could not be maintained because no notice was given to the City as required by I.C. § 6–906. Lastly, it was held that Tovar was premature and had no standing to question the constitutionality of the zoning ordinance because they had not applied for a permit in any zone except the "commercial central" zone and under the ordinance a "theater" is clearly not allowed in a "commercial central" zone. Tovar appeals from this judgment. Presumably Tovar is claiming on appeal that the trial court erred in ruling as he did on each of these points.

This appeal can be disposed of by discussing three issues:

(1) Filing of notice of tort claims pursuant to I.C. § 6–906;

(2) Peremptory dismissal of defendants Pond, Purce, and Ellis; and

(3) The effect of the first suit on this appeal.

I

Tovar is seeking monetary relief under the Idaho Tort Claims Act. I.C. §§ 6–901 et seq. Tovar did not comply with the requirements of I.C. § 6–906 by presenting his claims against the City within 120 days after his alleged cause of action arose. The district court correctly dismissed the tort counts seeking monetary damages because of Tovar's failure to meet this condition precedent. *Jacaway v. State of Idaho*, 97 Idaho 694, 551 P.2d 1330 (1976); *Curl v. Indian Springs Natatorium, Inc.*, 97 Idaho 637, 550 P.2d 140 (1976).

II

Regarding the peremptory dismissal of the three defendants-respondents as to

all causes of action, we hold the trial court erred. The district court held that Tovar sought no relief from these defendants. It is true that Tovar's complaint sought no monetary relief from these defendants but the complaint did seek injunctive relief. However, since we are upholding the trial court's final decision to dismiss the complaint, it was harmless error to dismiss the three defendants prematurely.

## III

We must now determine what was decided in the first suit and what effect the first suit has on this appeal.

In the first suit Tovar filed an appeal pursuant to I.C. § 67–6519 asking the district court to review the City Council's decision denying the conditional use permit. Three issues were raised and argued by Tovar and addressed by the district court in this appeal: (1) whether Tovar was denied due process by reason of the procedures followed at the October 23 meeting; (2) whether the City had acted arbitrarily by denying the conditional use permit; and (3) whether the City's construction of the Zoning Code classifying "theaters" as "amusement enterprises" was reasonable. The district court reviewed the City Council's decision and determined that a procedural error had been committed. As a consequence of this error, the case was remanded for a second hearing. The district court found that as a matter of law the City Council had not acted arbitrarily and capriciously in denying the conditional use permit. The district court also held that the City Council's interpretation of the Zoning Code was not unreasonable and arbitrary. Implicit in this ruling is a finding that the Zoning Code was not unconstitutionally vague. Tovar took no appeal from this decision of the district court.

As required by the district court's order, the City Council held a second meeting to review the Board of Adjuster's decision granting Tovar's conditional use permit. After this meeting the City Council again denied Tovar's conditional use permit. Tovar took no appeal from this decision as permitted by I.C. § 67–6519.

Tovar thereafter filed this suit requesting, in addition to tort damages and injunctive relief, an order declaring the Zoning Code to be unconstitutional and invalid in that it violated freedom of speech rights guaranteed by the Idaho Constitution. Tovar argues that the Zoning Code is unconstitutional because it entirely excludes theaters from the City of Pocatello or alternatively, even if theaters are permitted in the City in zones allowing "amusement enterprises," the ordinance is still unconstitutional on grounds of vagueness.

Tovar appears to attack the ordinance as it stood prior to the City Council's interpretation. Admittedly, although we do not address this issue, prior to the City Council's interpretation, the zoning ordinance either excluded indoor motion picture theaters from the City of Pocatello or was at least somewhat ambiguous and vague in that it did not clearly specify where indoor motion picture theaters were permitted. After the interpretation, however, wherein the Zoning Code was construed to allow indoor motion picture theaters in zones allowing "amusement enterprises," the Zoning Code did not exclude theaters from the City.

In the first suit, Tovar raised the argument that the City Council could not so interpret the Zoning Code because the interpretation was unreasonable and arbitrary. The district court ruled adversely to Tovar on this issue, holding that the City's construction was reasonable. Tovar took no appeal from this ruling and also took no appeal when the conditional use permit was denied a second time after the March 18 meeting. Without ruling on the validity or correctness of the district court's decision upholding the City's interpretation of the Zoning Code, we hold that Tovar is bound to this ruling because Tovar chose to litigate the issue in the earlier proceeding and failed to appeal the adverse ruling by the district court. In *Robinson v. Robinson*, 70 Idaho 122, 212 P.2d 1031 (1949), this Court stated that "a judgment is conclusive as between the parties and their privies on all

issues which were (or should have been) litigated in the action." *Id.* at 128, 212 P.2d 1034; *accord, Treece v. Treece,* 84 Idaho 457, 373 P.2d 750 (1962).

The decision of the district court dismissing Tovar's complaint is therefore affirmed.

No attorney's fees allowed on appeal. Costs to respondents.

SHEPARD, C. J., McFADDEN and BISTLINE, JJ., concur.

BAKES, J., concurs in result.