Joseph **TOVAR** and Deborah Ann Moore, Plaintiffs-Appellants,

v.

C. G. **BILLMEYER,** Melvin Morgan, F. W. "Bill" Roskelley, John Evans, Les Purce, Donna Boe, Earl Pond, Wayne Ellis, and the City of Pocatello, an Idaho Municipal Corporation, Defendants-Appellees.

No. 77–2929.

United States Court of Appeals, Ninth Circuit.

Nov. 6, 1979.

Rehearing Denied Jan. 10, 1980.

Robert J. Hirsch, Hirsch & Shiner, P. C., Tucson, Ariz., for plaintiffs-appellants.

L. Charles Johnson, Pocatello, Idaho, for defendants-appellees.

Before TRASK and SNEED, Circuit Judges, and SOLOMON *, District Judge.

SNEED, Circuit Judge:

Appellants Tovar and Moore appeal from a dismissal of their action against the appellees by the district court. The dismissal was based on a version of the abstention doctrine that the district court derived from *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976); *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); and *Juidice v. Vail,* 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977). We hold that the district court erred. We reverse and remand to the district court to enable the appellants to present their federal claims for complete resolution before a federal court.

Our jurisdiction rests on 28 U.S.C. § 1291.

## I. FACTS

This case was commenced on December 22, 1975 in federal district court and it sought injunctive and declaratory relief as well as damages. It sprang from appellants' efforts to operate an adult bookstore and theater in Pocatello, Idaho, at a location they had purchased in September, 1975. Although appellants obtained a conditional use permit from the City Board of Adjustment, the Pocatello City Council, in October, 1975, reversed the Board's decision and refused to issue the permit. This action by the Council was challenged in a suit in state court filed by appellants in early December, 1975. It sought to set aside the Council's action and was pursuant to a specific state statute authorizing limited judicial review of zoning decisions. The state court in February, 1976 vacated the Council's action and

remanded to the Council for further consideration and decision. The Council, in March, 1976, again voted to deny the permit. No appeal from that decision was taken. However, the state court had retained jurisdiction of the matter following its remand.

In the following month, April, 1976, the district court in this case entered an order granting appellees' motion to abstain and directing that the case be held in abeyance pending further state court proceedings. Apparently this abstention was pursuant to *Railroad Commission v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941); see *Santa Fe Land Improvement Co. v. City of Chula Vista,* 596 F.2d 838 (9th Cir. 1979). The district court in its order noted that appellants had filed a "Reservation of Constitutional Questions" in the state action which reservation, the court observed, "only secures for plaintiff his right to return to federal court should the state court not resolve the federal questions to his satisfaction." C.T. 318. The district court's abstention order indicated that all appellants' claims, both state and federal, could be tried and heard in the state court proceeding.

Very likely this indication moved the appellants to initiate, in August, 1976, a second state court proceeding in which monetary and injunctive relief was sought. In December, 1976, this action was dismissed by the Idaho District Court on the grounds (1) that challenges to the City Council's action were still pending in the first state court proceedings, (2) that the failure to file monetary claims with the City precluded recovery of damages, and (3) that claims for injunctive relief were premature. This dismissal was appealed and the Supreme Court of Idaho affirmed it in *Tovar v. Billmeyer,* 98 Idaho 891, 575 P.2d 489 (1978).

Only two additional defeats by the appellants remain to be related. The first was the dismissal of appellants' first state court

---

* Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

action with prejudice in January, 1977. Approximately six months later, June, 1977, the present federal action was dismissed on the basis of an abstention doctrine derived in the manner described above. This dismissal constitutes error.

## II. ABSTENTION UNDER COLORADO RIVER WATER CONSERVATION DISTRICT, YOUNGER, AND JUIDICE

Under the Supreme Court's teaching in *Colorado River Water Conservation District v. United States, supra,* deferral by a federal court to a state court rests, as the court below indicated, on "considerations of 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation'." 424 U.S. at 817, 96 S.Ct. at 1246. This is a basis distinct from that established for abstention by either *Railroad Commission v. Pullman Co., supra,* or *Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943), or *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and "considerably more limited than the circumstances appropriate for abstention." 424 U.S. at 818, 96 S.Ct. at 1246. The focus under *Colorado River Water Conservation District* is upon whether exceptional circumstances exist that indicate that concurrent jurisdiction by state and federal courts is likely to cause piecemeal litigation, waste of judicial resources, inconvenience to the parties, and conflicting results. Where these consequences are a likely result of concurrent jurisdiction, it is proper to consider dismissal of the federal proceeding.

Dismissal, however, is proper only when, in the judgment of the court, these consequences outweigh in a given situation the "unflagging obligation" of the federal courts to exercise the jurisdiction given to them. 424 U.S. at 817–18, 96 S.Ct. 1236. This obligation is particularly weighty when those seeking a hearing in federal court are asserting, as the appellants are here, their right to relief under 42 U.S.C. § 1983. Under such circumstances conflicting results, piecemeal litigation, and some duplication of judicial effort is the unavoidable price of preserving access to the federal relief which section 1983 assures. While we need not conjecture whether there exist circumstances that could outweigh the "unflagging obligation" in section 1983 cases, we are convinced that they do not exist in this case.

Appellants from the early days of their dispute with the City have sought to have their federal claims heard in a federal court. To this day they have been unsuccessful despite their explicit reservation of constitutional issues which the district court, in its original abstention decision recognized would preserve the appellants' "right to return to the federal court should the state court not resolve the federal questions to his satisfaction." It would be possible to argue that the district court's dismissal, of which the appellants here complain, is contrary to the law of the case established by its earlier recognition of the appellants' right to return to the federal court.

Even if not controlling under the law of the case doctrine, this reservation and its recognition clearly serves to rebut any allegation that the appellants "freely and without reservation submitted their federal claims for complete and final resolution by the state courts." *See England v. Louisiana Medical Examiners,* 375 U.S. 411, 419, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964). The absence of such a submission preserves the right to return to the federal court.

The district court in this case applied to *Colorado River Water Conservation District* a gloss derived from *Younger v. Harris, supra,* and *Juidice v. Vail, supra.* The result was the following statement by the district court:

> "It appears to this Court that the plaintiffs in this action had every opportunity to present their entire claims in Idaho state courts, where they chose to first commence their grievance, and to which plaintiffs were referred by the Order of Abstention entered by this Court." (C.T. 405.)

Construed reasonably, this appears to be saying that resort to federal courts for the

relief provided by 42 U.S.C. § 1983 is barred when the plaintiff (1) initially seeks relief in a state court and (2) has the opportunity to raise all his claims, both state and federal, in the state court. This is not the law. *England* does not so hold. A free and unreserved submission to the state court of all federal claims for complete and final resolution is necessary to bar return to the federal court.

In theory a case can be made to require those deprived of constitutional rights by states and their officials acting under color of state law to seek redress in state courts initially with review of state court action by federal courts limited to scrutiny for egregious errors. The law, however, is otherwise. "It is no answer that the State has a law which if enforced would give relief. The federal remedy is supplementary to the state remedy . . . ." *Monroe v. Pape,* 365 U.S. 167, 183, 81 S.Ct. 473, 482, 5 L.Ed.2d 492 (1961). *Monell v. Department of Social Services,* 436 U.S. 658, 701, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), which overruled *Monroe v. Pape* with regard to municipal immunity in section 1983 cases, did nothing to undermine the vitality of this general principle. Neither *Younger v. Harris, supra,* nor *Juidice v. Vail, supra,* has altered that law. *Younger* merely proscribes federal courts from enjoining a criminal prosecution in progress in the absence of a showing of either bad faith on the part of, or harassment by, the state prosecutor, or some other unusual circumstance such as prosecution under a state statute "flagrantly and patently violative of express constitutional prohibitions . . ." *Huffman v. Pursue,* 420 U.S. 592, 611, 95 S.Ct. 1200, 1212, 43 L.Ed.2d 482 (1975). *Juidice* only extended *Younger* to preclude the enjoining by a federal court of an ongoing contempt proceeding in state courts pursuant to state law which was not patently unconstitutional.

It is true that the Supreme Court in *Juidice* spoke somewhat expansively of the notion of comity, noting that it was the principle on which *Younger* and *Huffman* rested, and emphasized that those seeking federal court intervention in *Juidice* had

"an opportunity to present their federal claims in the state proceedings." 430 U.S. at 337, 97 S.Ct. at 1218. To utilize these observations, as perhaps the district court did, to justify its dismissal of appellants' federal suit is to read them to undermine both *Monroe v. Pape, supra,* and *England v. Louisiana Medical Examiners, supra.* We do not believe this was the holding of *Juidice v. Vail.*

We therefore reverse the district court's dismissal and remand this case to the district court for further proceedings not inconsistent with this opinion.

Reversed and Remanded.