Ronald G. SISLER and Darlene Sisler, Plaintiffs,

v.

Dennis WEST, individually and as detective in the Police Department of the City of Centerville, Iowa, and Joseph B. Treloar, individually and as a police officer in the Police Department of the City of Centerville, Iowa, Defendants.

Civ. No. 82–618–D.

United States District Court, S.D. Iowa, C.D.

Feb. 23, 1983.

Marvin V. Colton, Albia, Iowa, for plaintiffs.

Daniel P. Wilson, Centerville, Iowa, Frank Comito, George Eichhorn, Des Moines, Iowa, for defendants.

## RULING AND ORDER OF DISMISSAL

VIETOR, District Judge.

The court has before it several motions filed by defendants. Defendant West filed a motion to dismiss, which has been amended, a motion to stay, and a motion to compel joinder. Defendant Treloar filed a motion to dismiss and a motion to stay. Plaintiffs

have resisted only the motions to dismiss. All motions are deemed fully submitted. The court will consider the motions to dismiss first.

Defendant West's motion to dismiss, as amended, consists of two grounds. The first is that plaintiffs failed to allege actions that rise to a level of constitutional deprivation. The second is based on the doctrine of abstention, and is also the basis of defendant Treloar's motion to dismiss.

■ The first part of defendant West's motion is denied. In addressing a motion to dismiss, the allegations of the complaint must be taken as true. *Cruz v. Beto,* 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1922). "[I]n passing on a motion to dismiss * * * the allegations of the complaint should be construed favorably to the pleader." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Construing plaintiffs' allegations in their favor, they have alleged actions by the defendants that are sufficient to state a claim of constitutional deprivation.

The second part of defendant West's motion to dismiss and defendant Treloar's motion to dismiss, based upon the abstention doctrine, will be granted. Certain facts of this case are significant with respect to abstention. On April 28, 1981, plaintiffs filed an action in the District Court of Iowa in and for Monroe County against West, Treloar, and the City of Centerville, Iowa. The present action was filed in this court on October 29, 1982. The two lawsuits contain identical issues of fact and plaintiffs seek money damages in both actions. In their state court action plaintiffs assert only state law theories of liability, and in the instant action they assert only only a 42 U.S.C. § 1983 theory of liability. The only fact that would have to be proved to support the section 1983 theory that would not have to be proved to support the state law theories is that defendants acted under color of state law. (Any qualified good faith immunity defense to the section 1983 theory would have to be pleaded and proved by defendants.) Defendants state that significant discovery has taken place in connection with the state court action, including four depositions. Defendants contend that because of the pending state court action, this court should abstain from hearing this case and dismiss plaintiffs' complaint.

■ Abstention from the exercise of federal jurisdiction is the exception, not the rule. *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 813, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976). However, it is well settled that a federal court is under no compulsion to exercise its jurisdiction when there is a pending state court action concerning the same matter and the controversy may be settled more expeditiously in state court. *Will v. Calvert Fire Ins. Co.,* 437 U.S. 655, 662–63, 98 S.Ct. 2552, 2557–58, 57 L.Ed.2d 504 (1978). The district court's discretion in such cases extends to the extreme remedy of dismissal of the federal proceedings, but generally only "exceptional circumstances" will justify abdication of the "unflagging obligation of the federal courts to exercise the jurisdiction given them." *Colorado River Water Conservation District v. United States, supra,* 424 U.S. at 817–19, 96 S.Ct. at 1246–47. In *Colorado River* the Supreme Court held that "considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation'" could support abstention in cases of contemporaneous exercise of concurrent jurisdiction. *Id., quoting Kerotest Mfg. Co. v. C–O–Two Fire Equipment Co.,* 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952). The decision to abstain in such circumstances is committed to the sound discretion of the district court.

■ Under the *Colorado River* branch of the abstention doctrine the focus is on the existence of exceptional circumstances indicating that concurrent jurisdiction by state and federal courts is likely to cause piecemeal litigation, waste of judicial resources, inconvenience to the parties, and conflicting results. *Tovar v. Billmeyer,* 609 F.2d 1291, 1293 (9th Cir.1980). Other considerations include whether the state suit was commenced first, *Merrill Lynch, Pierce, Fenner & Smith v. Haydu,* 675 F.2d 1169,

1174 (11th Cir.1982), and identity of issues and parties, *Burton v. Exxon Corp.,* 536 F.Supp. 617, 623 (S.D.N.Y.1982). In this case, the plaintiffs filed the state court action 18 months before they filed the federal court action. Substantial discovery has already taken place in the state court suit, while very little progress has been made in the federal suit. Both defendants in the federal suit are also named defendants in the state suit. The factual issues are similar in both suits. The state court has jurisdiction to entertain plaintiffs' section 1983 theory. (Plaintiffs have not pleaded the section 1983 theory in the state court action, but they could have done so and they probably can still do so by amendment. *See* Iowa R.Civ.P. 88.) The exercise of concurrent jurisdiction in this case would likely result in piecemeal litigation, waste of judicial resources, and inconvenience to the parties. Furthermore, there is no indication that the state court is incapable of resolving the dispute, *Merrill Lynch, Pierce, Fenner & Smith v. Haydu, supra,* 675 F.2d at 1173, nor is there any indication of a countervailing federal interest that this court is more likely to enforce, *United States v. Cargill, Inc.,* 508 F.Supp. 734, 749 (D.Del.1981).

The obligation of the federal courts to exercise their jurisdiction is particularly weighty when a plaintiff seeks relief under 42 U.S.C. § 1983, as do plaintiffs in this case. *See Tovar v. Billmeyer, supra,* 609 F.2d at 1293. That concern, however, is outweighed by the totality of exceptional circumstances in this case.

For the reasons discussed above, defendants' motions to dismiss will be granted.

The motions to stay and the motion to compel joinder are now moot and require no specific ruling.