812 P.2d 325

Neil UDELL and Maureen Udell as husband and wife, Plaintiffs–Appellants,

v.

IDAHO STATE BOARD OF LAND COMMISSIONERS, By and Through the IDAHO ATTORNEY GENERAL, Defendant–Respondent.

No. 18405.

Court of Appeals of Idaho.

June 5, 1991.

Richard W. Kochansky, Coeur d'Alene, for plaintiffs-appellants.

Larry J. EchoHawk, Atty. Gen. and Lorelei M. Bensel, Deputy Atty. Gen., argued, Boise, for defendant-respondent.

PER CURIAM.

This is an appeal from an order of the district court dismissing an action for injunctive relief and for recovery of damages against the State Board of Land Commissioners. We affirm.

Neil and Maureen Udell own property on the top of Mica Peak, a mountain in Kootenai County, Idaho. They earn income from leasing space on the site to various businesses for the purpose of transmitting electronic communications. The State of Idaho also owns a small portion of the land on Mica Peak, and likewise has leased its property to a third party for use as a communication site. The State's lease is for an amount much lower than the rate in the contracts between the Udells and their tenants. The State's tenant in turn subleases to other tenants, some of whom formerly were the Udells' lessees.

The Udells filed this action against the State Land Board, seeking a permanent injunction prohibiting the State from charging less than the "market" rate for its lease and to recover damages allegedly caused when certain of Udells' tenants moved their facilities to the State property, and terminated their relationship with the Udells in order to take advantage of the lower rental rate under the State's lease. The Udells also sought a preliminary injunction pursuant to I.R.C.P. 65 at the time they filed their complaint. Thereafter, on considering affidavits from the parties, their briefs and oral argument during a hearing before the district court, the court denied the Udells' request for a preliminary injunction, determining that the Udells had not established a right to injunctive relief in the action; in particular, the court found that they failed to demonstrate irreparable injury which could not be compensated by monetary damages. I.R.C.P. 65(e)(2). In addition, upon the State's motion prior to trial, the district court dismissed several claims alleged in the Udells' complaint, including assertions that the State was charging an unreasonably low rate for its lease; that the State was not properly exercising its discretion through management of its property to achieve the highest financial return; and that the State's activities constituted restraint of free trade in violation of Idaho anti-trust statutes. As a result of the dismissal order, only one cause of action asserted by the Udells remained for trial. This claim sought damages for the State's alleged intentional interference with the Udells' contracts with former tenants.

At the close of the Udells' evidence at trial, the court granted a motion by the State for involuntary dismissal under I.R.C.P. 41(b). The court found that the Udells had failed to sustain their burden of proof by establishing a prima facie case based upon the theory of intentional interference with a contract as outlined by the Idaho Supreme Court in *Barlow v. International Harvester Co.*, 95 Idaho 881, 522 P.2d 1102 (1974).

On appeal, the Udells attack each of the substantive decisions of the district court in dismissing their various claims.[1] After due consideration, we find one issue dispositive of this appeal. The gravamen of Udells' action was a tort claim for their economic losses allegedly suffered as a result of the State's competition in entering into its lease of the land on Mica Peak. The Udells' averments did not claim that there was any form of contractual relationship between them and the State; rather, their action—couched in language evincing dif-

---

1. The dismissed claims involve allegations of constitutional and statutory violations by the Land Board. The record provided to us in this appeal does not contain a transcript of the proceedings relating to these claims nor the trial court's decision or rationale expressed in determining that the alleged violations failed to provide any basis for relief to the Udells. Under these circumstances the district court's decision will not be disturbed. *See, e.g., Priceco, Inc. v. Youngstrom,* 117 Idaho 213, 786 P.2d 606 (Ct. App.1990); *Carpenter v. Double R Cattle Co. Inc.,* 108 Idaho 602, 701 P.2d 222 (1985).

fering noncontractual theories—simply set forth various bases for recovery on grounds that could only be characterized as sounding in tort. At the conclusion of the trial, and based on an assertion made by the State before the trial, the district court found that the Udells had not filed a notice of tort claim as required by the Idaho Tort Claims Act, I.C. § 6–908, before instituting this action.[2] We believe this factual finding is dispositive.

 It is well settled that compliance with the Tort Claims Act's notice requirement is a mandatory condition precedent to bringing suit, the failure of which is fatal to a claim, no matter how legitimate. *McQuillen v. City of Ammon*, 113 Idaho 719, 722, 747 P.2d 741, 744 (1987); *Jacaway v. State*, 97 Idaho 694, 551 P.2d 1330 (1976). Once it was determined that the Udells had not filed the prerequisite notice, dismissal of the action by the district court was mandated by the Act.

The Udells pose but one argument to counter the effect of the district court's finding. They contend the State waived the defense of noncompliance with the Tort Claims Act because the State did not assert this defense in its answer but instead raised it later by motion. They cite a case from a neighboring jurisdiction, *Miotke v. City of Spokane*, 101 Wash.2d 307, 678 P.2d 803 (1984), in support of their proposition. We are not persuaded. We do not take issue with the authority of the *Miotke* court to determine that a waiver of the notice requirement under the Washington statute had occurred through the circumstances shown in that case. However, we have not found any case similarly interpreting the Idaho Tort Claims Act, nor do we find any prior appellate decision which would support the argument that such a waiver would be judicially recognized in Idaho. In our view, the sovereign immunity protected by the Act should not be dissipated by ad hoc waivers. Nor do we find that the State's failure to raise its defense in its answer to Udells' complaint, or at the earliest convenience, of any consequence. If the State is immune from liability because of a failure by the claimant to comply with the notice requirements of the Tort Claims Act, that immunity may be raised at any time. Accordingly, we uphold the district court's dismissal of this action.

 Finally, we address the question of the recovery of costs and attorney fees incurred on this appeal. As the prevailing party, the State has requested an award of attorney fees, in addition to its costs, for its representation in responding to this appeal. We conclude that such an award is appropriate on the ground that the appeal was without foundation, in light of the well-established principles relating to application of the notice requirements of the Idaho Tort Claims Act. Costs and a reasonable fee, to be determined pursuant to I.A.R. 40 and 41, are awarded to the respondent.

---

**2.** The Idaho Tort Claims Act essentially waives sovereign immunity of "every governmental entity [for] liability for money damages arising out of its negligent or otherwise wrongful acts or omissions and those of its employees acting within the course and scope of their employment or duties...." I.C. § 6–903.