125 F.3d 777
 97 Cal. Daily Op. Serv. 7279, 97 Daily Journal
D.A.R. 11,739
Phillip G. MARTINEZ, aka: Phillip Nmi Martinez; aka:
Phillip Martinez, Plaintiff-Appellant,
v.
NEWPORT BEACH CITY; Newport Beach PD; M. Mcdermott; Craig
Robison, Defendants-Appellees.
Phillip G. Martinez, Irvine, California, appellant in pro per.
 No. 95-56866.
 United States Court of Appeals,
Ninth Circuit.
 Argued and submitted June 4, 1997.
Decided Sept. 10, 1997.
 
 Phillip G. Martinez, Irvine, California, appellant in pro per.
 Norman J. Watkins, William F. Bernard, Lynberg & Watkins, Santa Ana, California, for appellees.
 Appeal from the United States District Court for the Central District of California; Terry J. Hatter, Jr., District Judge, Presiding. D.C. No. CV-95-01222-TJH(SH).
 Before: SCHROEDER, BRUNETTI, and O'SCANNLAIN, Circuit Judges.
 BRUNETTI, Circuit Judge:
 
 
 1
 Appellant Phillip Martinez appeals pro se the district court's summary judgment in favor of Appellee Municipal Court Judge Robison and the court's dismissal of Martinez's § 1983 action against the City of Newport Beach et al. Martinez's § 1983 cause of action arose out of a dispute with a neighbor that led to his arrest by the Newport Beach Police Department and the revocation of his parole on a federal sentence. Martinez alleges that Appellees violated his constitutional rights by conspiring to imprison him.
 
 I. FACTS AND PROCEEDINGS BELOW
 
 2
 Martinez was arrested in December of 1993 for exhibiting a firearm and/or deadly weapon in violation of California Penal Code § 417(a)(1) and for assault with a deadly weapon in violation of California Penal Code § 245(a)(1). Eventually, all charges against Martinez were dismissed. In April 1994, Martinez filed a petition to expunge and seal his arrest records. Because Martinez failed to appear at the municipal court hearing before Appellee Judge Robison, the court denied his petition on August 17, 1994. On September 23, 1994, Martinez filed a Motion for Reconsideration of the Court's Order Denying his Petition to Expunge and Seal his Arrest Records. On October 27, 1994, Judge Robison denied Martinez's Motion to Reconsider.
 
 
 3
 On April 12, 1994, Martinez filed his § 1983 complaint alleging false imprisonment and numerous civil rights violations. He asserted that, in denying his Motion to Expunge and Seal his Records and in denying his Motion to Reconsider, Judge Robison conspired with the City of Newport Beach et al. to falsely imprison him. Martinez also alleges that the City of Newport Beach engaged in systematic harassment aimed at forcing him out of Newport Beach. Martinez seeks declaratory and injunctive relief, as well as money damages.
 
 
 4
 On May 4, 1994, the district court denied Martinez's request to file his § 1983 action in forma pauperis on the ground that: (1) federal jurisdiction was lacking; (2) the majority of the complaint was cognizable in habeas and state habeas relief had not been exhausted; and (3) because the "balance of claims are state law claims which plaintiff may pursue in state courts." On November 4, 1994, this court reversed the district court's May 4, 1994 Order denying leave to proceed in forma pauperis. This court concluded that "appellant's complaint includes allegations concerning a false or illegal arrest under 42 U.S.C. § 1983, and federal habeas corpus claims concerning the revocation of federal parole...."
 
 
 5
 In response to the district court's May 4, 1994 Order, Martinez filed a parallel § 1983 civil rights action in Orange County Superior Court. Martinez alleges that he did so only in response to the district court's suggestion contained in the May 4, 1994 Order that his claims were state law claims which should be brought in state court. The Order stated that the "[b]alance of claims are state law claims which plaintiff may pursue in state courts." Martinez later improperly sought to remove his state action to federal court. See 28 U.S.C. §§ 1441, 1446 (a plaintiff may not remove an action to federal court).
 
 
 6
 Judge Robison filed a 12(b)(6) Motion to Dismiss Martinez's § 1983 cause of action on the ground that Martinez's claims were barred by the doctrine of absolute judicial immunity, that the district court should abstain from hearing Martinez's claims pursuant to Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and finally, that Martinez's claim was barred by the California statute of limitations. On November 21, 1995, the district court filed its Judgment adopting the Magistrate's Final Report and Recommendation, granting summary judgment in favor of defendant Robison and dismissing the remainder of the action without prejudice pursuant to Colorado River abstention. On December 11, 1995, Martinez filed a timely Notice of Appeal.
 
 
 7
 The record reflects that most defendants named in Martinez's Complaint received service of process only after the district court entered judgment and after Martinez filed his Notice of Appeal. Judge Robison is the only party who filed a brief in the present appeal. The fact that most defendants did not receive service of process before the district court dismissed Martinez's § 1983 action and entered judgment does not preclude this court's review of the case. A district court may sua sponte dismiss an in forma pauperis litigant's complaint and abstain before service of process has been delivered to all defendants. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989). Because we reverse the district court's dismissal of Martinez's claims against all defendants except Judge Robison on all remaining defendants, we remand for service of process.
 
 II. ABSOLUTE JUDICIAL IMMUNITY
 
 8
 Martinez alleges that Judge Robison is not entitled to absolute immunity based upon his denial of Martinez's Petition to Expunge his Record. In denying Martinez's Petition to Expunge his Record, Judge Robison was acting in his judicial capacity and is therefore entitled to absolute judicial immunity for those acts. Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986). "Judicial immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.' " Ashelman, 793 F.2d at 1075, citing Cleavinger v. Saxner, 474 U.S. 193, 199-200, 106 S.Ct. 496, 499-500, 88 L.Ed.2d 507 (1985). The district court's dismissal of Martinez's § 1983 cause of action against Judge Robison on the ground that his actions are protected by judicial immunity is affirmed.
 
 III. ABSTENTION
 
 9
 This court reviews de novo whether abstention is required. Fort Belknap Indian Community v. Mazurek, 43 F.3d 428, 431 (9th Cir.1994), cert. denied, 516 U.S. 806, 116 S.Ct. 49, 133 L.Ed.2d 15 (1995). There is no discretion to abstain in cases that do not meet the requirements of the abstention doctrine being invoked. Garamendi v. Allstate Ins. Co., 47 F.3d 350, 354 (9th Cir.1995), aff'd, Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996). When the requirements for abstention have been met, the district court's decision whether to abstain is reviewed for an abuse of discretion. Fireman's Fund Ins. Co. v. Quackenbush, 87 F.3d 290, 294 (9th Cir.1996).
 
 
 10
 In reviewing the district court's dismissal of Martinez's § 1983 cause of action pursuant to Colorado River abstention, we are mindful of the fact that federal courts have a "virtually unflagging obligation" to exercise jurisdiction where it exists. Miofsky v. Superior Court of the State of California, 703 F.2d 332, 338 (9th Cir.1983). "Abstention from the exercise of federal jurisdiction is the exception, not the rule." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976). There are two abstention doctrines that apply to a situation involving parallel state and federal proceedings such as Martinez's case; Younger[1] abstention and Colorado River[2] abstention.[3] In this case, we must determine whether the law of this circuit permits either Younger or Colorado River abstention in a suit for money damages and equitable relief under § 1983. Because we conclude that under either doctrine abstention, and especially dismissal, was improper under the circumstances of this case, we reverse.
 
 
 11
 A. Younger abstention.
 
 
 12
 Younger generally directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings. Younger v. Harris, 401 U.S. 37, 40-41, 91 S.Ct. 746, 748-49, 27 L.Ed.2d 669 (1971). Younger abstention is proper where: (1) there are ongoing state judicial proceedings; (2) that implicate important state interests; and (3) there is an adequate opportunity in the state proceedings to raise federal questions. Confederated Salish v. Simonich, 29 F.3d 1398, 1405 (9th Cir.1994). However, Younger's application to a § 1983 suit that includes a claim for money damages is unclear. See, e.g., Hirsh v. Justices of Supreme Court of California, 67 F.3d 708, 715 n. 5 (9th Cir.1995) ("[T]he applicability of Younger abstention to appellants' monetary claim is unclear."); Lebbos v. Judges of Super. Ct., 883 F.2d 810, 816 (9th Cir.1989) ("To the extent the district court's decision to dismiss the section 1983 claims against the private defendants is based on Younger abstention, it must be rejected. The Supreme Court has not yet decided whether the principles under Younger apply with equal force to claims for damages under section 1983.").[4] In fact, there is no authority in this circuit for the application of either Younger or Colorado River abstention to a § 1983 claim for money damages where the ongoing state proceeding is a § 1983 cause of action, as opposed to a pending criminal prosecution. But cf. Mann v. Jett, 781 F.2d 1448 (9th Cir.1986) (per curiam) (applying Younger to federal § 1983 damages claims pending disposition of criminal prosecution in state court).[5] Indeed, this court has stated that "[c]ivil-Younger abstention has been upheld only where a party seeks to invoke federal jurisdiction for the purpose of 'restraining state proceedings or invalidating a state law.' " Confederated Salish v. Simonich, 29 F.3d at 1405, citing United States v. Adair, 723 F.2d 1394, 1402 n. 5 (9th Cir.1983). In the present case, Martinez's § 1983 suit seeks neither to restrain state proceedings nor to invalidate a state law. Rather, he seeks money damages, declaratory and injunctive relief based upon his alleged unlawful imprisonment.
 
 
 13
 This circuit has repeatedly found that the "unflagging obligation of the federal courts to exercise the jurisdiction given to them ... is particularly weighty when those seeking a hearing in federal court are asserting ... their right to relief under 42 U.S.C. § 1983." Miofsky, 703 F.2d at 338, citing Tovar v. Billmeyer, 609 F.2d 1291, 1293 (9th Cir.1979). See also San Francisco County Democratic Cent. Committee v. Eu, 826 F.2d 814, 825 n. 19 (9th Cir.1987), aff'd, 489 U.S. 214, 109 S.Ct. 1013, 103 L.Ed.2d 271 (1989) (district court's obligation to exercise jurisdiction and to abstain only in exceptional circumstances is particularly weighty in an action under § 1983). "Under such circumstances conflicting results, piecemeal litigation, and some duplication of judicial effort is the unavoidable price of preserving access to the federal relief which section 1983 assures." Tovar v. Billmeyer, 609 F.2d 1291, 1293 (9th Cir.1979), cited with approval in Signad, Inc. v. City of Sugar Land, 753 F.2d 1338, 1340 (5th Cir.1985).
 
 
 14
 There is good reason for the disfavor with which our circuit has approached the potential application of Younger /Colorado River abstention to suits under § 1983. The purpose of the § 1983 action is not well-served by the application of Younger abstention to situations where a parallel § 1983 action is pending in state court. Section 1983 was intended to provide a remedy in situations where states prohibit practices but provide inadequate remedies, and in instances where state remedies, though theoretically adequate, are unavailable in practice. Monroe v. Pape, 365 U.S. 167, 173-74, 81 S.Ct. 473, 476-77, 5 L.Ed.2d 492 (1961). The Court in Monroe held that a plaintiff may properly bring a § 1983 suit to federal court even if the state provides judicial remedies that appear completely adequate to redress the injuries. Id. at 183, 81 S.Ct. at 481. In other words, a plaintiff need not exhaust state remedies before initiating a § 1983 suit in federal court. The Court declared that "[t]he federal remedy is supplementary to the state remedy, and the latter need not be first sought and refused before the federal one is invoked." Id. The importance of a federal forum to vindicate federal constitutional rights has since been reasserted at various times throughout the Court's history. See, e.g., Patsy v. Board of Regents of Florida, 457 U.S. 496, 503, 102 S.Ct. 2557, 2561, 73 L.Ed.2d 172 (1982) (reaffirming Supreme Court precedent that § 1983 granted federal courts "a paramount role in protecting constitutional rights.").[6]
 
 
 15
 The application of Younger abstention to Appellant's § 1983 claim presents "particularly weighty" concerns because Appellant's claim includes a claim for money damages. Although the Supreme Court "ha[s] not ... addressed whether the principles underlying [their] abstention cases would support the remand or dismissal of a common-law action for damages," it has spoken indirectly about the appropriateness of abstention in damages actions generally. Quackenbush v. Allstate Ins. Co., 517 U.S. 706, ----, 116 S.Ct. 1712, 1722, 135 L.Ed.2d 1 (1996), citing Deakins v. Monaghan, 484 U.S. 193, 202 & n. 6, 108 S.Ct. 523, 529 & n. 6, 98 L.Ed.2d 529 (1988) (reserving the question whether Younger requires abstention in an action for damages); Ankenbrandt v. Richards, 504 U.S. 689, 112 S.Ct. 2206, 119 L.Ed.2d 468 (discussing, without applying, Burford abstention in damages action). The Court's precedent in this area is very ambiguous. On the one hand, the Supreme Court in Quackenbush impliedly approved the potential application of the abstention doctrines to suits for money damages by holding that dismissal, as opposed to the issuance of a stay, of a cause of action for damages pursuant to an abstention doctrine may be proper in limited circumstances. On the other hand, the Court explicitly left unanswered the question of what circumstances, if any, might permit the application of abstention doctrines to damages actions by declining to affirmatively state that such abstention is permissible, instead stating that "we have not held that abstention principles are completely inapplicable in damages actions." Id.
 
 
 16
 Indeed, an analysis of the cases discussed in Quackenbush reveals that the Court has been reticent to apply the abstention doctrines to § 1983 suits for money damages. The Court in Quackenbush preserved the limited holding of Fair Assessment in Real Estate Ass'n, Inc. v. McNary, 454 U.S. 100, 115, 102 S.Ct. 177, 185, 70 L.Ed.2d 271 (1981), where the Court dismissed a § 1983 damages case in which "[t]he plaintiff .... sought damages from the allegedly unconstitutional application of a state tax scheme." Id. In Fair Assessment, the Court dismissed the suit holding that the claim was akin to an action for declaratory relief because the damages sought could not be awarded without first, in effect, declaring that the state tax scheme was unconstitutional. Id. at ----, 116 S.Ct. at 1722. In reaffirming the holding in Fair Assessment, the Quackenbush Court emphasized the limited nature of the holding, emphasizing that the Court was interpreting "the scope of the § 1983 cause of action," and not abstention. Id. at ----, 116 S.Ct. at 1722.
 
 
 17
 One other circuit has interpreted Quackenbush and Fair Assessment to mean that "a plaintiff's incidental insertion of a general claim for damages will not suffice to prevent the dismissal of a § 1983 case where the damages sought cannot be awarded without first declaring unconstitutional a state court judgment on a matter committed to the states." Amerson v. Iowa, 94 F.3d 510, 513 (8th Cir.1996), cert. denied --- U.S. ----, 117 S.Ct. 696, 136 L.Ed.2d 618 (1997), cited in Warmus v. Melahn, 110 F.3d 566, 567-68 (8th Cir.1997) (declining to dismiss § 1983 damages suit which did not "fall within the 'very limited' Amerson/ Fair Assessment exception to Quackenbush "). Because granting Martinez's requested relief would not necessarily involve the invalidation of a state statute or judgment, abstention does not seem appropriate under Fair Assessment.
 
 
 18
 Finally, in citing other cases in which the Court had "applied abstention principles to actions 'at law' only to permit a federal court to enter a stay order that postpones adjudication of the dispute, not to dismiss the federal suit altogether," the Court cited a line of cases involving issues "intimately involved with [the state's] sovereign prerogative," only one of which permitted abstention in a damages action. Quackenbush, --- U.S. at ---- - ----, 116 S.Ct. at 1722-23, citing, Louisiana Power & Light Co. v. Thibodaux, 360 U.S. 25, 28-30, 79 S.Ct. 1070, 1072-73, 3 L.Ed.2d 1058 (1959) (approving a stay in an eminent domain action); Fornaris v. Ridge Tool Co., 400 U.S. 41, 44, 91 S.Ct. 156, 158, 27 L.Ed.2d 174 (1970) (per curiam) (local law question); United Gas Pipe Line Co. v. Ideal Cement Co., 369 U.S. 134, 145-46, 82 S.Ct. 676, 679-80, 7 L.Ed.2d 623 (1962) (per curiam) (potentially controlling state law issue); Clay v. Sun Ins. Office Ltd., 363 U.S. 207, 212, 80 S.Ct. 1222, 1225, 4 L.Ed.2d 1170 (1960) (approving "postponement of decision" in damages suit where issues of local law were controlling).
 
 
 19
 Thus, in this case we are faced with conflicting signals. While Ninth Circuit precedent sends the clear signal that the application of Younger abstention to § 1983 causes of action is disfavored, Supreme Court precedent on whether or not abstention is proper in an action under § 1983 is unclear at best. Under the current circumstances, and in light of the importance of the issue, we are compelled to follow clear circuit precedent that is supported by the policy behind the § 1983 cause of action. We need not decide, however, whether the Younger abstention may ever be applied to a § 1983 suit for damages.
 
 
 20
 Even if the application of Younger abstention to a § 1983 suit for money damages was proper, we would conclude that it was inappropriate under the circumstances of this case. Martinez has indicated that he filed his state court § 1983 action only in response to the district court's suggestion that he bring his claims in state court contained in the district court's May 4, 1994 Order. Assuming Martinez's allegation to be true, any state court proceedings that are ongoing were initiated, to some extent, at the district court's behest. Further, the federal court proceedings in the present case were initiated before Martinez filed in state court. Although the fact that the federal proceedings were initiated before the state court proceedings does not preclude a finding that the state court proceedings are ongoing, we conclude that where the state proceedings were initiated after proceedings in the federal court had begun and solely because of the federal district court's inaccurate determination of lack of federal jurisdiction, abstention is improper. See Confederated Salish, 29 F.3d at 1405 (abstention may be proper where no proceedings of substance occurred in the federal action before the state complaint was filed).
 
 
 21
 The state's interest in enforcement of its criminal laws and the efficient administration of its judicial system must be balanced against Martinez's right to due process and freedom from harassment. As in Deakins v. Monaghan, 484 U.S. 193, 204, 108 S.Ct. 523, 530, 98 L.Ed.2d 529 (1988), where the Supreme Court found that Younger and Colorado River abstention were improper as applied to a § 1983 cause of action, a "sizable portion of the relief sought in the federal complaint is intended to compensate [Martinez] for injuries allegedly sustained in violation of federal constitutional rights. There can be no question that [Martinez has] alleged injuries under federal law sufficient to justify the District Court's retention of jurisdiction." Further, unlike the claims presented in Fair Assessment in Real Estate Ass'n, Inc. v. McNary, 454 U.S. 100, 115, 102 S.Ct. 177, 185, 70 L.Ed.2d 271 (1981), Martinez's claims do not rest upon the declaration that a state statute was unconstitutional. Finally, because Martinez was denied access to state law materials during his incarceration, it is unclear to what extent Martinez had an opportunity to raise federal questions in the state proceedings or was able to participate meaningfully in the state court proceedings. Based upon the foregoing, we conclude that Younger abstention may not apply to Martinez's claims.
 
 
 22
 B. Colorado River Abstention.
 
 
 23
 The application of Colorado River abstention to a suit for money damages under § 1983 is an issue of first impression in this circuit. In fact, there is little discussion of the application of Colorado River abstention to § 1983 causes of action in the case law of any circuit. See Forehand v. First Alabama Bank of Dothan, 727 F.2d 1033, 1036 (11th Cir.1984) (declining to apply Colorado River abstention to § 1983 cause of action); Signad, Inc. v. City of Sugar Land, 753 F.2d 1338, 1340 (5th Cir.1985) (same). But see Allen v. Louisiana State Board of Dentistry, 835 F.2d 100, 104-05 (5th Cir.1988) (holding that Younger abstention applies only to claims for injunctive and declaratory relief, but that Colorado River abstention applicable to § 1983 damages claim).
 
 
 24
 In Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), the Supreme Court made clear that Colorado River abstention is to be applied on an even more limited basis than the traditional abstention doctrines. Id. at 818, 96 S.Ct. at 1246. Abstention under Colorado River is applicable only in "exceptional circumstances." Id. at 813, 96 S.Ct. at 1244. In Colorado River, the Court noted several factors that weigh in favor of abstention including the desirability of avoiding piecemeal litigation, the inconvenience of the federal forum, and the order in which jurisdiction was obtained by the concurrent forums. Id. at 818-19, 96 S.Ct. at 1246-47. Since Colorado River was decided, the Court has noted two additional factors which bear on abstention: First, whether the source of the governing law was state or federal, and second, whether the state court proceedings could adequately protect the federal plaintiff's rights. Moses H. Cone Memorial Hosp. v. Mercury Construction Corp., 460 U.S. 1, 23-27, 103 S.Ct. 927, 940-42, 74 L.Ed.2d 765 (1983). As the Court in Colorado River stated, "[n]o one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required. Only the clearest of justifications will warrant dismissal." Colorado River, 424 U.S. at 818-19, 96 S.Ct. at 1246-47 (citations omitted). The Court has indicated that the Colorado River factors were "to be applied in a pragmatic, flexible manner with a view to the realities of the case at hand." Moses H. Cone, 460 U.S. at 21, 103 S.Ct. at 939. The Court has also indicated that the presence of a federal question in the litigation weighs against a federal court's abstention under Colorado River. Id. at 23-24, 103 S.Ct. at 941-42.
 
 
 25
 As we discussed above, significant policy interests, as well as clear circuit precedent, weigh against abstention from federal jurisdiction where the pending state and federal proceedings are § 1983 causes of action. In the Younger context, this circuit has found that the same factors which weigh in favor of Colorado River abstention are of little weight where the pending federal proceeding is a § 1983 cause of action. See Tovar v. Billmeyer, 609 F.2d at 1293 ("conflicting results, piecemeal litigation, and some duplication of judicial effort is the unavoidable price of preserving access to the federal relief which section 1983 assures"). Further, the Supreme Court has indicated that Colorado River abstention has even rarer application than does Younger abstention. Colorado River, 424 U.S. at 818, 96 S.Ct. at 1246. However, this case does not present an adequate record for a determination of this issue. The district court applied Colorado River abstention without analysis, without briefing by the parties, and on appeal the parties argued that Younger abstention, not Colorado River abstention, applied to their case.
 
 
 26
 In any event, the district court erred in failing to adequately consider the factors described by the Court in Colorado River. The district court's Judgment and the Magistrate's Final Report and Recommendations reflect an absence of consideration of the factors laid out in Colorado River with no reference whatsoever to any exceptional circumstances that might or might not exist in Martinez's case to justify abstention under Colorado River. Indeed, Martinez's case does not present sufficiently "exceptional circumstances" to justify abstention. The federal forum was not inconvenient in Martinez's case and jurisdiction was first obtained in federal court. In fact, as stated above, Martinez filed in state court only at the suggestion of the federal district court. The governing law is federal and, due to the lack of availability of state law resources to Martinez during his incarceration, it is unclear to what extent the state court proceedings may adequately protect his federal rights. The district court's application of Colorado River abstention is reversed.
 
 
 27
 IV. DENIAL OF LEAVE TO AMEND THE SECOND AMENDED COMPLAINT
 
 
 28
 Plaintiffs may amend their complaint once as a matter of right. Fed. Rules Civ. Proc. 15(a). "Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party...." Id. Under Rule 15(a), leave to amend should be granted freely until the defendant files a responsive pleading. After that point, leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay. Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir.1989). The district court denied Martinez's motion for leave to file a third amended complaint on the ground that "[p]laintiff ha[d] proffered no evidence that would establish that defendant Robison is not entitled to absolute judicial immunity." Therefore, amendment would have been futile and was properly denied.
 
 
 29
 A district court's order denying a Rule 15(b) motion to conform the pleadings to the evidence is reviewed for an abuse of discretion. Campbell v. Trustees of Leland Stanford Jr. Univ., 817 F.2d 499, 506 (9th Cir.1987). Because Martinez failed to allege the existence of any new evidence which would justify amendment under Federal Rule of Civil Procedure 15(b) (Amendments to Conform to the Evidence), the district court did not abuse its discretion.V. FAILURE TO REVIEW APPELLANT'S OBJECTIONS PURSUANT TO 28 U.S.C. § 636
 
 
 30
 28 U.S.C. § 636 provides that a district judge shall make a de novo determination of those portions of the Magistrate's Report and Recommendation to which objection is made. The judge may then accept, reject, or modify in whole or in part the findings or recommendations made by the magistrate. 28 U.S.C. § 636(b)(1)(C). Martinez has failed to present any evidence indicating that the district judge did not consider the Magistrate's Report and Recommendation de novo. In fact, the district court's order adopting the Magistrate's Report specifically indicates that the district court made a "de novo determination of the Final Report and Recommendation." Martinez was not denied due process.
 
 
 31
 VI. DENIAL OF OPPORTUNITY TO CONDUCT FURTHER DISCOVERY
 
 
 32
 The district court's decision not to permit additional discovery pursuant to Federal Rule of Civil Procedure 56(f) is reviewed for an abuse of discretion. Maljack Prods., Inc. v. GoodTimes Home Video Corp., 81 F.3d 881, 887 (9th Cir.1996). "We will only find that the district court abused its discretion if the movant diligently pursued its previous discovery opportunities, and if the movant can show how allowing additional discovery would have precluded summary judgment." Qualls v. Blue Cross, 22 F.3d 839, 844 (9th Cir.1994) (internal quotation and emphasis omitted). Martinez seems to argue that the district court should have granted him extended discovery because "proof is in the hands of the alleged wrongdoer[ ]." In his Motion for Additional Time to Conduct Discovery, Martinez sought time "to perfect discovery and obtain documentary evidence in support of his Opposition to Defendant's Motion for Summary Judgment" and to "file a proper motion to proffer 'new evidence' he has come into possession since commencement of the instant action." Because Martinez failed to describe further what evidence he had come into possession of and how it was relevant to his case, the district court did not abuse its discretion in denying Martinez's Motion for Additional Discovery.
 
 CONCLUSION
 
 33
 The district court's grant of summary judgment in favor of Judge Robison on the ground of judicial immunity is AFFIRMED. The district court's denial of Martinez's motion for additional time to conduct discovery and denial of leave to file a third amended complaint is AFFIRMED. Martinez's claim that the district court violated his right to due process by failing to conduct a de novo review of the Magistrate's Report and Recommendation is REJECTED. The district court's dismissal of Martinez's § 1983 action against the remaining defendant's under either Younger or Colorado River abstention is REVERSED. Costs are awarded to Judge Robison. 28 U.S.C. § 1915(e).
 
 
 34
 AFFIRMED IN PART, REVERSED IN PART.
 
 
 
 [1]
 Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971)
 
 
 [2]
 Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976)
 
 
 [3]
 Although Judge Robison argued before this court, as well as in the district court, that Younger abstention applies to Appellant's federal § 1983 cause of action, the district court adopted the Magistrate Judge's suggested application of Colorado River abstention. Because we believe that both doctrines have potential application to Appellant's § 1983 cause of action, and because we may affirm the district court's decision based upon any ground found in the record, we address the application of both doctrines to Appellant's § 1983 cause of action. Even if Judge Robison had not raised and preserved the issue of Younger abstention on appeal, we may consider the issue Younger abstention sua sponte. Bellotti v. Baird, 428 U.S. 132, 143-44 n. 10, 96 S.Ct. 2857, 2864-65 n. 10, 49 L.Ed.2d 844 (1976)
 
 
 [4]
 There is a conflict of authority in other circuits whether Younger abstention may be applied to § 1983 claims for monetary damages. See, e.g., Warmus v. Melahn, 110 F.3d 566, 567 (8th Cir.1997) (dismissal of money damages suit pursuant to abstention doctrine permissible only in limited circumstances); Lewis v. Beddingfield, 20 F.3d 123, 125 (5th Cir.1994) (Younger not applicable to § 1983 claim for damages)
 
 
 [5]
 Although Mann may be cited for the proposition that Younger is applicable to a § 1983 cause of action for money damages, it was at least partially repudiated in Lebbos. See Lebbos, 883 F.2d at 817 (implicitly limiting Mann's holding to situation when pending state proceedings are criminal in nature). Further, Mann is distinguishable from the present case on the ground that the district court in that case was abstaining pending the resolution of a criminal proceeding in state court. In contrast, Martinez's state court proceeding involves the same civil cause of action as his federal § 1983 claim and therefore presents different concerns
 
 
 [6]
 However, the use of § 1983 and the federal forum as the primary protector of constitutional rights has been severely undercut by more recent Supreme Court precedent requiring that federal courts accord collateral estoppel and res judicata effect to state judicial proceedings. Allen v. McCurry, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); Migra v. Warren City School District, 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984)
 In Allen, the Supreme Court held that § 1983 does not ensure a federal forum to all litigants presenting constitutional claims and rejected the assertion that state courts are unwilling or unable to adequately protect federal rights. Allen, 449 U.S. at 97-98, 101 S.Ct. at 416-17. Res judicata applies to state court proceedings, forbidding parties from raising in federal § 1983 litigation issues that could have been litigated in state court. Migra v. Warren City School District, 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984).
 Perhaps significantly, most of the Ninth Circuit cases expressing disapproval of the application of Younger abstention to § 1983 actions for money damages were decided before the Supreme Court's decisions in Allen (1980) and Migra (1984). See, e.g., Tovar v. Billmeyer, 609 F.2d 1291, 1293 (9th Cir.1979).