127 F.3d 1105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James D. HARPER, Jr., Petitioner-Appellant,
v.
Joseph CRABTREE, Warden, FCI Sheridan; United States Parole
Commission, Respondents-Appellees.
 No. 96-36048.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1997.**
Decided Oct. 24, 1997.
 
 Appeal from the United States District Court for the District of Oregon, No. CV-95-01573-JPC; Michael R. Hogan, Chief Judge, Presiding.
 Before: THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 James D. Harper Jr., a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2241 petition challenging the United States Parole Commission's ("Commission") decision to deny him parole and continue his incarceration for fifteen years. We review de novo the district court's denial of a section 2241 petition. See Roberts v. Corrothers, 812 F.2d 1173, 1178 (9th Cir.1987). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
 
 I. Review of Parole Decision
 
 3
 Harper contends the Parole Commission's decision was erroneous because: (1) it failed to provide "good cause" for its decision; (2) it failed to provide him an adequate opportunity to respond; and (3) it engaged in impermissible "double counting." These contentions lack merit.
 
 
 4
 "The scope of judicial review of the Commission's parole decision is ... "exceedingly narrow." Walker v. United States, 816 F.2d 1313, 1316 (9th Cir.1987) (per curiam). "We may only review whether the Commission has acted outside its statutory authority or has committed a constitutional violation, but we may not review any decision involving the exercise of judgment among a range of possible choices or options." Vargas v. United States Parole Comm'n., 865 F.2d 191, 193 (9th Cir.1988) (internal quotations omitted).
 
 
 5
 Harper argues that the Commission's "modified" reasons do not constitute "good cause" for its decision to deny him parole. Harper's contention lacks merit because the Commission need only consider whether good cause exists if it goes outside the parole guideline range. See 18 U.S.C. § 4206(c). Harper was placed in Category 8 for which there is no upper limit. See 28 C.F.R. § 2.20 n. 1. Accordingly, the Commission did not need to consider whether "good cause" existed. See id.
 
 
 6
 To the extent that Harper argues the Commission failed to state adequate reasons for exceeding the lower guideline limit by more than 48 months, the contention lacks merit. The Commission complied with the requirement that it apprise Harper of the "pertinent case factors" upon which it relied in making its decision. See 28 C.F.R. § 2.20 n. 1. Specifically, the Commission noted the duration of the espionage activities, the sensitive nature of the information delivered, the damage to national security, and the money Harper received for the deliveries. See id. To the extent Harper seeks to challenge the substantive factors relied upon by the Commission, or the weight accorded to those factors, this court lacks jurisdiction to review the claim. See Roberts, 812 F.2d at 1176 (evaluation of evidence regarding the "nature and circumstances of the offense" is within discretion of Commission).
 
 
 7
 Harper also argues that the Commission's failure to apprise him of its "modified" reasons in its Notice of Action on Appeal until the end of the process did not afford him an opportunity to respond, in violation of 28 C.F.R. § 2.19(c). The Commission must apprise a prisoner of the information it will utilize in its determination in order to provide him with the opportunity to challenge the accuracy of the information. See 28 C.F.R. § 2.19(c). Here, Harper was provided with such an opportunity at his initial hearing; any additional opportunities to challenge the evidence were unnecessary as the "modified" statement of reasons did not involve the use of new information. See id.; cf. Bermudez v. Duenas, 936 F.2d 1064, 1066 (9th Cir.1991) (per curiam) (noting that due process requires no more than an opportunity to be heard and notification of the reasons for denying parole); Vargas, 865 F.2d at 193.
 
 
 8
 Additionally, Harper argues that the Commission's decision involved improper "double counting." Because there is no upper limit for Category Eight offenses, the Commission did not engage in "double counting." See Walker, 816 F.2d at 1316.
 
 II. Breach of Plea Agreement
 
 9
 Harper contends the Commission breached the plea agreement because it considered information prohibited by the immunity terms of his agreement and because it failed to properly credit him for his cooperation with the government. These contentions lack merit.
 
 
 10
 "Plea agreements are contractual in nature and are measured by contract law standards." See United States v. Keller, 902 F.2d 1391, 1393 (9th Cir.1990). "To determine whether a plea agreement is violated, the court must look to what the parties reasonably understood to be the terms of the plea agreement." Id. "This is a question of fact to be resolved by the district court which we review under the clearly erroneous standard." Id. The Commission, like the government, is a party to the plea agreement. See United States v. Anderson, 970 F.2d 602, 605 n. 5 (9th Cir.1993); Keller, 902 F.2d at 1393.
 
 
 11
 Following its initial decision in which it relied on information excluded by the agreement, the Commission amended its decision. The Commission stated: "The Commission agrees with your argument regarding the plea agreement and withdraws from any consideration of the information derived after your guilty plea and cooperation with the government." The district court noted that except for Count One, the plea agreement would preclude the Commission from using any information provided by Harper at "any time, not just information gained, after [Harper] pleaded guilty." The district court then reviewed the available information not precluded by the plea agreement and concluded that the factors relied upon by the Commission for its decision were contained in that information. This conclusion was not: clearly erroneous. See Keller, 902 F.2d at 1393.
 
 
 12
 Nor did the Commission breach the plea agreement by failing to credit Harper for his cooperation with the government. The Commission considered the information regarding Harper's cooperation in making its parole determination; under the plea agreement no more was required. Accordingly, the Commission did not breach the plea agreement. See Keller, 902 F.2d at 1393. Moreover, the Commission may reward cooperation of a prisoner, but it is not required to do so. See 28 C.F.R. § 2.63, Thus, to the extent Harper seeks to challenge the Commission's discretionary refusal to grant him a reduction for cooperation, we lack jurisdiction to review the claim. See Roberts, 812 F.2d at 1176.[1]
 
 III. De Novo Review
 
 13
 Finally, Harper contends that the district court adopted the magistrate judge's findings and recommendations without making an independent determination of his case. However, in its order denying Harper's section 2241 petition, the district court indicated that it had conducted a de novo review of those portions of the findings to which Harper objected. See 28 U.S.C. § 636. Harper has failed to present any evidence indicating that the district court failed to properly discharge its obligations. See Martinez v. Newport Beach City, 1997 WL 559716 (9th Cir. Sept. 10, 1997).
 
 
 14
 The district court's order denying Harper's section 2241 petition is therefore
 
 
 15
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Harper's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We reject Harper's claim that the Commission's decision was "fundamentally unfair" as it is supported by the same allegations discussed above