Richard ADAM, Plaintiff–Appellant,

v.

State of HAWAII; Wayne Carvalho, Police Chief, in his individual and Official Capacity as Chief of Police; Stanley Haanio, Officer, in his individual and official capacity as a police officer; Police Department, County of Hawaii; County of Hawaii, Planni, Defendants–Appellees.

No. 99–15988.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 14, 2000

Filed Dec. 20, 2000

As Amended Jan. 31, 2001.

Shawn A. Luiz, Law Office of Michael G.M. Ostendorp, Honolulu, Hawaii, for the plaintiff-appellant.

Steven Christensen, Deputy Corporation Counsel County of Hawaii, Hilo, Hawaii; Edward J. Mulligan, Deputy Attorney General, Honolulu, Hawaii, for the defendants-appellees.

Before: HUG, TROTT, and WARDLAW, Circuit Judges.

TROTT, Circuit Judge:

Richard Adam ("Adam") filed a complaint in federal court under, *inter alia*, Title 42 U.S.C. § 1983, claiming that Wayne Carvalho, the Chief of Police for the County of Hawaii ("Chief Carvalho"), and Stanley Haanio, a police officer for the County of Hawaii ("Officer Haanio") violated his federal and constitutional rights. The district court dismissed with prejudice Adam's second amended complaint against Chief Carvalho and Officer Haanio based on *Younger* abstention, *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and denied Adam's request to file a third amended complaint. In this appeal, Adam argues that the district court erred by (1) dismissing his complaint with prejudice based on the *Younger* doctrine and (2) denying his motion to amend his complaint a third time. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we REVERSE and REMAND.

## I

### Background

On a motion to dismiss, all allegations of material fact are taken as true and are construed in the light most favorable to the non-moving party. *Burgert v. Lokelani Bernice Pauahi Bishop Trust,* 200 F.3d 661, 663 (9th Cir.2000). Accordingly, we assume the truth of the factual allegations submitted in Adam's complaint.

Adam is a resident of the Big Island of Hawaii. Adam, who is caucasian, claims to have been harassed and threatened by non-caucasians on the island. Adam contends that for more than two years, non-caucasian members of the Hawaii police department have encouraged the harassment and have conspired to harm him.

Adam identifies the following incidents of police harassment and discrimination. In December of 1996, a non-caucasian man threatened Adam with serious bodily harm, and Adam called the police for help. According to Adam, Officer Haanio re-

sponded to the call but, after observing that Adam was caucasian, performed a deficient investigation by failing to question four eyewitnesses to the altercation.

Adam claims also that the police refused to enforce a "no trespassing" sign posted at the entrance of his private subdivision. After Adam took matters into his own hands and barricaded the private subdivision, the police cited him for closing off the street.

Further, Adam avers that the police posted abandoned vehicle signs on his truck and informed non-caucasian civilians that the truck had been deserted. With the alleged approval of the police, the non-caucasian civilians removed parts from and damaged Adam's truck.

On July 1, 1998, Adam claims that a non-caucasian man threw a rock at Adam's wife's truck and threatened to kill him. In order to protect himself and his two-year-old daughter, Adam fired a warning gunshot and then called "911" for help. However, instead of arresting the non-caucasian aggressor, the police arrested Adam. During the arrest, Adam alleges that one officer asked another if he should shoot Adam. Adam additionally claims that while he was in custody, the police, without sufficient probable cause, obtained a search warrant and ransacked his home.

Based on Adam's firing of the gun, the State of Hawaii initiated criminal proceedings against him. The State charged Adam with four criminal counts, including assault, terroristic threatening, reckless endangering, and promoting a detrimental drug.

Sometime later, Adam's wife allegedly disappeared after having an altercation with non-caucasian civilians. Even though he filed a missing person report, Adam says the police failed to make a good faith effort to locate his wife.

In late June of 1998, before the State initiated criminal charges against him, Adam filed a complaint *pro se* in federal court, asserting that numerous defendants,

including the State of Hawaii, Chief Carvalho, and Officer Haanio, invidiously discriminated against him on account of his race by failing to provide equal enforcement of the law. The district court twice granted Adam leave to amend his complaint—once *pro se*, and once through hired counsel. All defendants moved to dismiss the second amended complaint on various grounds. While District Judge Gillmor considered the defendants' motions to dismiss, Adam, again through hired counsel, sought leave to amend his complaint a third time. Judge Gillmor assigned Adam's motion to amend to Magistrate Judge Kurren. After entertaining arguments, Magistrate Judge Kurren orally denied Adam's motion to amend because Judge Gillmor had not yet ruled on the defendants' motions to dismiss.

Ultimately, Judge Gillmor dismissed Adam's claims with prejudice. Judge Gillmor first determined that Adam could not sue the State of Hawaii because of the Eleventh Amendment sovereign immunity bar. Judge Gillmor concluded also that because the *Younger* doctrine applied, the federal court should abstain from hearing Adam's case. *See Younger*, 401 U.S. at 49–54, 91 S.Ct. 746. Adam appeals Judge Gillmor's ruling that *Younger* abstention applied to his claims against Chief Carvalho and Officer Haanio. After Judge Gillmor dismissed with prejudice Adam's complaint, the magistrate judge, in writing, denied Adam's motion to file a third amended complaint. Adam also appeals the magistrate judge's ruling.

## II

### Younger Abstention

■ We review *de novo* whether the elements of abstention have been satisfied. *Martinez v. Newport Beach City*, 125 F.3d 777, 780 (9th Cir.1997). If the requirements for abstention are met, the district court's decision to abstain is reviewed for an abuse of discretion. *Id.*

■ The *Younger* doctrine "generally directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings." *Id.* at 781. *Younger* abstention is proper where "(1) there are ongoing state judicial proceedings; (2) that implicate important state interests; and (3) there is an adequate opportunity in the state proceedings to raise federal questions." *Id.* Nevertheless, a federal court need not abstain if the state judicial proceedings were brought in bad faith. *Younger,* 401 U.S. at 53, 91 S.Ct. 746; *Lebbos v. Judges of the Superior Court, Santa Clara County,* 883 F.2d 810, 814 (9th Cir.1989).

The district court concluded that the *Younger* elements were met and that the Hawaii prosecution was not brought in bad faith. Accordingly, the district court dismissed Adam's complaint with prejudice.

■■ Assuming, without deciding, that the elements of *Younger* abstention were met in this case, we conclude that the district court abused its discretion by dismissing with prejudice Adam's complaint seeking money damages under Title 42 U.S.C. § 1983. A district court may stay an action for damages based on *Younger* abstention, *Deakins v. Monaghan,* 484 U.S. 193, 202, 108 S.Ct. 523, 98 L.Ed.2d 529 (1988), but the Supreme Court has never held that *Younger* abstention supports the outright dismissal of an action for damages. *Id.; Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 721, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996); *Lebbos,* 883 F.2d at 816 ("The Supreme Court has not yet decided whether the principles under *Younger* apply with equal force to claims

for damages under section 1983."). The circuits have split on whether *Younger* abstention supports the dismissal of a federal claim seeking money damages. *See Simpson v. Rowan,* 73 F.3d 134, 137 n. 6 (7th Cir.1995) (cataloging the circuit split on the issue), *cert. denied,* 519 U.S. 833, 117 S.Ct. 104, 136 L.Ed.2d 58 (1996). The Ninth Circuit, however, "disfavor[s]" dismissing a federal plaintiff's claims seeking money damages brought under § 1983 based on the *Younger* doctrine. *See Martinez,* 125 F.3d at 783; *Lebbos,* 883 F.2d at 816.

In this case, we conclude that the district court abused its discretion by dismissing Adam's complaint with prejudice. First, neither the Supreme Court, nor the Ninth Circuit has ever authorized dismissing with prejudice a federal plaintiff's complaint seeking money damages brought under § 1983. *See Quackenbush,* 517 U.S. at 721, 116 S.Ct. 1712 ("[W]hile we have held that federal courts may stay actions for damages based on abstention principles, we have not held that those principles support the outright dismissal or remand of damages actions."); *Martinez,* 125 F.3d at 782–83. Furthermore, precluding Adam from arguing the merits of his claims in federal court contravenes § 1983's purpose of "provid[ing] a remedy in situations where states ... provide inadequate remedies, and in instances where state remedies, though theoretically adequate, are unavailable in practice." *Martinez,* 125 F.3d at 781–82 (citing *Monroe v. Pape,* 365 U.S. 167, 173–74, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961)).[1]

---

1. When we inquired during oral argument what the status was of the criminal charges against his client, Adam's counsel advised us that they were unresolved. However, Appellee's counsel informed the court that Adam had been convicted of the state criminal charges many months earlier, and that the criminal case was finished. This dispute was not a model of preparation for oral argument.

Additionally, the fact that there is no longer a pending state prosecution underscores our conclusion that the district court should have stayed the proceedings, rather than dismiss Adam's complaint with prejudice. Because there is no current state prosecution, a federal determination of Adam's claims poses no potential for federal-state friction contemplated by *Younger. See Younger,* 401 U.S. at 44, 91 S.Ct. 746.

In sum, even if the *Younger* elements had been satisfied, the district court was required to stay the proceedings.

## III

### Motion to Amend Complaint

 We review the district court's denial of a request to amend a complaint under Federal Rule of Civil Procedure 15(a) for an abuse of discretion. *Bowles v. Reade,* 198 F.3d 752, 757 (9th Cir.1999); *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir.1987). However, dismissal without leave to amend is improper " 'unless it is clear, upon *de novo* review, that the complaint could not be saved by amendment.' " *Steckman v. Hart Brewing, Inc.,* 143 F.3d 1293, 1296 (9th Cir. 1998) (quoting *Chang v. Chen,* 80 F.3d 1293, 1296 (9th Cir.1996)). "We have stressed Rule 15's policy of favoring amendments, and we have applied this policy with liberality." *Ascon Properties, Inc. v. Mobil Oil Co.,* 866 F.2d 1149, 1160 (9th Cir.1989). Upon *de novo* review, we conclude that the district court erred by denying Adam's motion to file a third amended complaint.

Most importantly, the magistrate judge's decision to deny Adam's motion to file a third amended complaint rested at least in part on Judge Gillmor's erroneous dismissal with prejudice of Adam's complaint. As discussed above, Judge Gillmor was required to stay the federal proceedings, not dismiss them. Consequently, the magistrate judge's belief that Adam's proposed amended complaint would be futile in light of Judge Gillmor's dismissal of Adam's complaint with prejudice rested on a faulty premise.

 Furthermore, with respect to futility, a district court should grant leave to amend unless it appears beyond doubt that the plaintiff's proposed amended complaint would not remedy the deficiencies in the previous complaint. *DCD Programs,* 833 F.2d at 188. It is not beyond doubt that allowing Adam to amend his complaint would be futile. Adam's proposed third amended complaint, for example, deleted the State of Hawaii as a defendant, thereby avoiding the Eleventh Amendment sovereign immunity bar relied upon by Judge Gillmor in dismissing some of Adam's claims. Adam's third amended complaint also omitted any reference to the July 1, 1998, "warning shot" incident for which Hawaii prosecuted him, thereby minimizing any friction between the state prosecution and the federal civil rights action.

Finally, Chief Carvalho and Officer Haanio failed to identify any prejudice they would suffer from allowing Adam to amend his complaint. *See DCD Programs,* 833 F.2d at 187 ("The party opposing amendment bears the burden of showing prejudice."). Adam's proposed third amended complaint does not add new parties or new theories. Officer Haanio and Chief Carvalho were named in the previous complaints, and thus neither would be surprised to find out he was a defendant in this case. *See id.* (stating that adding a new party "poses an especially acute threat of prejudice to the entering party"). Additionally, at this point in the proceedings, there has been no discovery, nor has a trial date been set. *See Ascon Properties,* 866 F.2d at 1161 (finding prejudice because allowing amendment would put the defendant "through the time and expense of continued litigation on a new theory, with the possibility of additional discovery") (citation omitted).

Keeping in mind that "leave to amend shall be freely given when justice so requires," FED. R. CIV. P. 15(a), we conclude that the district court erred by denying Adam's motion to amend his second amended complaint.

## IV

### Conclusion

For the reasons expressed above, we REVERSE and REMAND this case to the district court for further proceedings.