**Joseph JACOBS; Paul Footlick; Vernon Barnes; Larry Chezem; Dennis Coey; George Edmonson; Robert Mains; Casey McVay; Robert Scrivner; Terry Norman Taylor; Dennis Ward, Plaintiffs—Appellants,**

v.

**LOCAL UNION 48, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, Defendant—Appellee.**

No. 98, 35246.

D.C. No. CV–94–01544–JE.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 15, 2000.

Decided Jan. 9, 2001.

Rymer, Circuit Judge, dissented and filed opinion.

Before CYNTHIA HOLCOMB HALL, RYMER, and GRABER, Circuit Judges.

## MEMORANDUM [1]

Plaintiffs appeal from an order denying them leave to file a third amended complaint and an order granting summary judgment in favor of International Brotherhood of Electrical Workers ("IBEW"), Local 48 ("Local 48") in their action for violations of the Labor–Management Reporting and Disclosure Act of 1959 ("LMRDA"), 29 U.S.C. §§ 411 and 459, and the union's duty of fair representation.

The magistrate judge had jurisdiction to enter final judgment under 28 U.S.C. § 636(c). Plaintiffs and Local 48 all filed unambiguous written consent forms in the district court. Because Christenson Electric, Inc., and Friberg Electric Company orally consented to the magistrate judge's jurisdiction while they were before the magistrate judge and later completed the record by filing their written consent forms in the district court, the magistrate judge had jurisdiction to enter final judgment, and this court has jurisdiction over the appeal pursuant to 28 U.S.C. § 1291. *See Kofoed v. IBEW, Local 48,* 237 F.3d 1001 (9th Cir.2001).

### I.

■ Plaintiffs argue that the magistrate judge abused his discretion by denying them leave to file a third amended complaint. We disagree. At the time Plaintiffs brought their motion to amend, the parties had completed discovery, and dispositive motions were due in less than a month. Plaintiffs had already amended their complaint twice, and they were fully aware of the facts and legal theories underlying their proposed Third Amended Complaint at the time they filed their Second Amended Complaint two years earlier. The magistrate judge did not abuse his discretion in denying leave to file a third amended complaint. *See Martinez v. Newport Beach City,* 125 F.3d 777, 785 (9th Cir. 1997); *Jackson v. Bank of Hawaii,* 902 F.2d 1385, 1388 (9th Cir.1990); *Acri v. International Ass'n of Machinists & Aerospace Workers,* 781 F.2d 1393, 1398 (9th Cir.1986).

### II.

Plaintiffs also argue that the magistrate judge erred in granting summary judg-

**1.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

ment for Local 48 on Plaintiffs' duty-of-fair-representation claim. We see no basis upon which this claim can proceed.

■ A union breaches the duty of fair representation "only when its 'conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith.'" *Moore v. Bechtel Power Corp.*, 840 F.2d 634, 636 (9th Cir.1988) (quoting *Vaca v. Sipes*, 386 U.S. 171, 190, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967)). Plaintiffs have abandoned their theory of a conspiracy among Local 48, Christenson Electric, and Friberg Electric regarding the not-for-rehire letters. Plaintiffs have presented no evidence that Local 48 was involved in the issuance of the not-for-rehire letters. Furthermore, Plaintiffs point to no evidence that indicates that Local 48 could have or should have done something more with the related grievances, or that Local 48 handled the grievances in a manner that was arbitrary, discriminatory, or in bad faith. The evidence all suggests that Local 48 pursued the grievances in a reasonable manner. Summary judgment for Local 48 on the duty-of-fair-representation claim was proper.[2]

### III.

■ Plaintiffs claim that Local 48 retaliated against them in violation of the LMRDA, 29 U.S.C. §§ 411 and 529, for their exercise of their free speech rights, particularly their participation in the Electricians for a Democratic Union ("EDU"). Plaintiffs argue that the magistrate judge erred in granting summary judgment for Local 48 on this claim because the magistrate judge failed to consider evidence of Local 48's "motive and intent" for retaliating against them.

Plaintiffs are not seeking relief on account of the particular incidents set out in their complaint, but instead claim that those incidents provide the "motive and intent" for Local 48's retaliation. "Motive and intent" are insufficient to establish a claim of retaliation, however; there must be some retaliatory act. The only retaliatory act that we can discern is Local 48's discipline of Jacobs and Footlick.[3] Because the remaining plaintiffs were not subject to union discipline, summary judgment on their LMRDA claims was appropriate.

■ The magistrate judge allowed Footlick to go to trial on his retaliation claim, finding that there was a genuine issue of fact as to whether Local 48 disciplined Footlick in retaliation for "promoting political views with which Local 48 disagreed."[4] Although Jacobs was subject

**2.** Plaintiffs also argue that the magistrate judge gave their duty-of-fair-representation claim a reading that was too narrow. They ask this court "to do what the Trial Court did not: evaluate *all* of the fact allegations contained in the Second Amended Complaint in support of their [duty-of-fair-representation] claim that can be characterized as arbitrary, discriminatory, or in bad faith." The duty-of-fair-representation claim, as stated in the Second Amended Complaint, was based upon the not-for-rehire letters and the related grievances. The magistrate judge correctly read Plaintiffs' claim. Furthermore, as discussed above, the magistrate judge did not abuse his discretion in denying Plaintiffs' motion to amend their complaint.

**3.** Because the disciplinary charges against Chezem were set aside on appeal to the union, Chezem was never disciplined in violation of the LMRDA. *See Childs v. Local 18, IBEW*, 719 F.2d 1379, 1384 (9th Cir.1983).

**4.** Plaintiffs argue that, for those union members who were allowed to go to trial on their LMRDA claims, the magistrate judge improperly limited the evidence relating to Local 48's retaliatory motive and prevented them from introducing evidence of their participation in the EDU. We reject Plaintiffs' argument. Plaintiffs point to nothing in the trial record in support of their charge. The magistrate judge's summary judgment opinion

to discipline, he was not allowed to go to trial on his retaliation claim. The magistrate judge granted summary judgment for Local 48 against Jacobs, ruling that Local 48 could properly discipline Jacobs under the LMRDA because Jacobs' picketing did not receive the "highest protection" under the LMRDA. Even if Local 48 could discipline Jacobs for "unauthorized picketing," however, such discipline would nonetheless be improper if it was imposed in retaliation for Jacobs' EDU-related speech. *See Bise v. IBEW, AFL–CIO Local 1969,* 618 F.2d 1299, 1304 (9th Cir.1979) ("It matters not that the grounds urged by the Union to support its disciplinary action may have a semblance of lawfulness if the true motivation for the action was unlawful.") (citation and internal quotation marks omitted). The magistrate judge failed to make that inquiry. Jacobs presented evidence that he was active in EDU activities and that Local 48 officials disapproved of the EDU. Jacobs also testified that he spoke with business manager Ed Barnes before he took his sign to the Intel job site. According to Jacobs, Ed Barnes acknowledged that it was Jacobs' right to display his signs and did not warn Jacobs of any possible consequences from displaying the signs. Jacobs nonetheless was subject to union discipline for "unauthorized picketing." There thus appears to be sufficient evidence to create a genuine issue of fact as to whether Local 48 disciplined Jacobs in retaliation for his EDU-related speech.

For the foregoing reasons, the order of the magistrate judge denying Plaintiffs leave to file a third amended complaint is AFFIRMED. The magistrate judge's order granting summary judgment in favor of Local 48 on Jacobs' LMRDA retaliation claim is REVERSED and REMANDED. The order of the magistrate judge grant-

ing summary judgment in favor of Local 48 on the LMRDA claims of the remaining plaintiffs and the duty-of-fair-representation claims of all plaintiffs is AFFIRMED. Costs are awarded to Local 48 except as to Appellant Jacobs. Appellant Jacobs shall recover his costs.

RYMER, Circuit Judge, dissenting.

I would vacate the judgment entered by the magistrate judge, dismiss the appeal, and remand to the district court for reasons explained in my dissent in *Kofoed v. Int'l Bhd. of Elec. Workers, Local 48,* 237 F.3d 1001 (9th Cir.2001). Here, the magistrate judge exercised civil trial jurisdiction and entered "final" orders without the consent of two parties. Without it, the magistrate judge lacked jurisdiction to enter an appealable final judgment. *See Jaliwala v. United States,* 945 F.2d 221 (7th Cir.1991).

clearly stated that the opinion did not address what evidence would be admissible at trial.